Larry Paul **DOWNEY**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 47549.

Court of Criminal Appeals of Texas.

Feb. 20, 1974.

Rehearing Denied March 13, 1974.

James L. Weir, Houston, Warren G. Clark, Jr., Anahuac, for appellant.

W. G. Woods, Jr., Dist. Atty. and Carroll E. Wilborn, Jr., Asst. Dist. Atty., Liberty, Jim D. Vollers, State's Atty. and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

Conviction was for possession of marihuana; the punishment, twenty (20) years.

Harry H. Stiles, Jr., a Highway Patrolman for the Department of Public Safety, on July 27, 1972, observed appellant's automobile going at a high rate of speed. He pursued and clocked the vehicle traveling 90 miles per hour. The vehicle stopped in response to the officer's red lights and siren. Appellant walked back to the officer's patrol car at which point Officer Stiles asked appellant for his driver's license. Appellant exhibited an Alabama driver's license. Officer Stiles asked appellant if he had any reason for speeding and appellant replied that he had none. Officer Stiles noticed that appellant's car had 1971 Georgia license plates that had expired the preceding December 31st. Appellant stated that he had been visiting a friend in Houston, but that he couldn't remember the friend's name. Appellant acted nervous and appeared confused. In response to further questioning, appellant said the car did not belong to him, but that he had borrowed it from a friend in Georgia. Officer Stiles then became suspicious the car was stolen and asked appellant for some sort of identification on the car. Appellant went back to the car, opened the door on the driver's side and said that he would get some papers out of the car. Officer Stiles followed appellant as he returned to the car. Appellant sat down in the driver's seat, leaned over, and opened the glove compartment. Officer Stiles remained behind appellant to make sure appellant did not get a weapon. Officer Stiles then smelled a strong odor of marihuana coming out of the car. He then observed (and picked up) several marihuana seeds on the back floorboard. He told appellant to get out of the car, and informed appellant of the marihuana smell. Appellant read and signed a consent to search form in response to the officer's request for him to do so. Then Officer Stiles commenced a thorough search of the car and found a bottle of benzedrine pills in a suitcase in the back seat. A search of the trunk revealed three sacks of marihuana therein. A brown paper bag containing 50 one hundred dollar bills and some cocaine in a matchbox were found in the glove compartment.

Ground of error number one urges that this prosecution is barred by a prior possession of heroin case arising out of this same transaction which had been dismissed only after the State had announced ready

This contention was answered adversely in Jones v. State, Tex.Cr.App., 482 S.W.2d 194, wherein the defendant contended that two convictions arising out of the same transaction should both be reversed. In that case, we reversed one, but not both, on the grounds of carving and we reach the same result in the instant case. The heroin case, having been dismissed, is no jeopardy to this marihuana conviction.

Ground of error number two alleges that the evidence would be insufficient if the results of this illegal search were not considered. Ground of error number three urges that the marihuana was obtained as a result of the illegal search.

The search was clearly legal. The officer had probable cause to arrest appellant for speeding. The search of the car was justified by the consent given by appellant and the officer's plain view of the marihuana and the strong smell of marihuana sensed by the officer. Leonard v. State, Tex.Cr.App., 496 S.W.2d 576. At the penalty stage of the trial appellant admitted the possession of the marihuana and, therefore, is foreclosed from questioning the legality of the search. Palmer v. State, Tex.Cr.App., 475 S.W.2d 797.

The search being legal and the evidence seized being admissible, the evidence is sufficient to show that appellant possessed marihuana. See Powell v. State, Tex.Cr.App., 502 S.W.2d 705.

Ground of error number four asserts that the court improperly admitted evidence of the other materials and drugs found as a result of the search of the automobile. This evidence was admissible as res gestae of the arrest of appellant and of the offense. Mayes v. State, Tex.Cr.App., 472 S.W.2d 528.

Appellant next urges that the trial court erred in commenting on the weight of the evidence in regard to the legality of the search. If there was error, it was waived for failure to object. Howard v. State, Tex.Cr.App., 420 S.W.2d 706.

Appellant in his next ground of error complains that the trial court failed to remain impartial in the presence of the jury. Appellant points out that the court made certain gestures, smiles, and exclamations, all of which constituted comments on the evidence prejudicial to the appellant. No objection was made at the time of such alleged comments and the error, if any, was waived. Howard v. State, supra.

The last ground of error is that the court failed to insert the word "legal" before the word "evidence" in one of the charges, and that this omission in effect deprived him of his charge on the legality of the search.

We find that appellant's defense was adequately presented to the jury when they were instructed by the court to acquit if they had a reasonable doubt as to the legality of the search. We have examined the charge as a whole and find that it adequately presented the law and defenses in this case.

Finding no reversible error, the judgment is affirmed.