Richard PAZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–87–170–CR.

Court of Appeals of Texas, Corpus Christi.

April 28, 1988.

Rehearing Denied May 26, 1988.

Lynn Knaupp, Victoria, for appellant.

George J. Filley, III, Victoria, for appellee.

Before NYE, C.J., and SEERDEN and BENAVIDES, JJ.

OPINION

NYE, Chief Justice.

Appellant appeals his conviction by a jury of the aggravated robbery of Margaret Totah. The jury assessed punishment at 99 years in the Texas Department of Corrections with a $3000.00 fine. Appellant presents seven points of error for review.

By his first five points, appellant contends that evidence of an extraneous offense committed shortly before the robbery of Margaret Totah was improperly admitted into evidence. At trial, the prosecutor introduced evidence that Leslie Montag, owner of a grocery store in Victoria, Texas, was robbed at gunpoint around 12:30 p.m. on January 10, 1987. The assailant, a lone male, entered the store, exhibited a silver gun and demanded money. Montag surrendered approximately $1900.00 in cash, some of which was bound with an H.E.B. wrapper.

Within an hour of the Montag robbery, Margaret Totah, owner and desk clerk of Totah's Motel in Victoria, Texas, was also robbed at gunpoint. A lone male entered the motel, exhibited a silver gun and demanded money. Totah gave him cash from the money drawer and a yellow envelope containing the deposit from the morning

shift. This envelope was dated and signed by a motel employee.

Immediately after the assailant exited, Totah and others hurried to a nearby window. They saw a gray sports car with a dark top speeding away from the motel, heading towards Houston. Police were alerted and a bulletin was issued. About a half-hour later, at a point which is approximately a twenty-five minute drive from Victoria, a car matching this description was observed. A license plate check revealed that the vehicle was stolen. When police attempted to stop the vehicle, a prolonged, high speed chase ensued with speeds exceeding 110 miles per hour. The two occupants of the car were finally apprehended when appellant, the driver, lost control of the car.

Totah later identified the passenger, John Deaton, as the person who robbed her. The yellow envelope taken from Totah was found in the car, along with a silver gun. Both Totah and Montag identified this gun as similar to the one used against them. Money bound with an H.E.B. wrapper was found on appellant's person at his arrest approximately an hour and a half after Montag had been robbed. Montag identified this money as that which was taken from him when he was robbed, but was unable to identify his assailant.

Appellant and John Deaton were separately indicted for the armed robbery of Totah. Appellant went to trial before Deaton.

■ Appellant timely objected to the admission of the extraneous offense. The general rule on the admission of extraneous offenses is that an accused is entitled to be tried on the accusation made in the State's pleading and not on some collateral crime, or for being a criminal generally. *Cantrell v. State*, 731 S.W.2d 84, 88 (Tex. Crim.App.1987). An exception to this general rule is that evidence of extraneous offenses may become admissible upon a showing by the prosecution both that the transaction is relevant to a material issue in the case, and the relevancy value of the evidence outweighs its inflammatory or prejudicial potential. *Cantrell*, 731 S.W.2d

at 89; *Plante v. State*, 692 S.W.2d 487, 491 (Tex.Crim.App.1985).

■ In the instant case, the State contends that the extraneous offense was necessary to prove that appellant was a party to the motel robbery. There was no direct evidence showing appellant's participation in the Totah robbery. An extraneous offense is admissible to prove identity if there is some distinguishing characteristic common to both the extraneous offense and the offense for which the accused is on trial. *Castillo v. State*, 739 S.W.2d 280, 289 (Tex.Crim.App.1987); *Siqueiros v. State*, 685 S.W.2d 68, 71 (Tex.Crim.App. 1985). Hence, the admission of the extraneous offense was relevant to the issue of identity which the State had to prove.

■ Further, the probative value of the extraneous offense outweighed any prejudicial effect it might have had. Three factors have been used to measure the probative value of an extraneous offense: (1) presence of similarity between the prior act and the offense charged, (2) closeness in time of the extraneous act to the charged offense, and (3) the availability of alternate sources of proof. *Robinson v. State*, 701 S.W.2d 895, 898 (Tex.Crim.App. 1985).

In the instant case, we find that there are sufficient distinctive characteristics to show that both crimes were committed by the same person. We also find that the relevancy of the extraneous offense outweighed its potential prejudicial effect. The evidence shows that the two robberies were committed in Victoria, Texas within an hour of each other. The assailant in both cases was a lone male who exhibited a silver gun and demanded money. The car appellant was driving was seen speeding away from the Totah robbery, and his passenger was identified as the perpetrator of that robbery. The yellow envelope taken in the Totah robbery was found in the car, along with a silver gun similar to the one used in both robberies. Money found on appellant's person at his arrest was identified as that taken from the Montag robbery an hour-and-a-half earlier.

In order to determine admissibility, we note that extraneous offenses must be analyzed for relevance within the contexts of facts and circumstances of the individual case. *Brandley v. State*, 691 S.W.2d 699, 706 (Tex.Crim.App.1985). Each case must be determined on its own merits. *Lombardo v. State*, 503 S.W.2d 780, 783 (Tex.Crim.App.1974). The trial judge's discretion in admitting an extraneous offense is to be given due deference. *Cantrell*, 731 S.W.2d at 90. Consequently, we hold that the extraneous offense was relevant to the issue of identity and that its relevancy outweighed any prejudicial effect it might have had. The trial court did not err in admitting evidence of the extraneous offense. Appellant's points of error one through five are overruled.

By his sixth point of error, appellant complains that a gun and newspaper found in the automobile should not have been admitted into evidence. During a post-arrest inventory search of the automobile, a blue bag belonging to appellant was found. The gun and newspaper were discovered inside the bag. Appellant contends that the inflammatory nature of this evidence outweighed its probative value. The State argues that this evidence was "res gestae" of the offense.

As a general rule, the State is entitled to show the circumstances surrounding the arrest of an accused, unless such evidence is inherently prejudicial and has no relevance to any issue in the case. *Maddox v. State*, 682 S.W.2d 563, 564 (Tex. Crim.App.1985). Whether evidence is relevant to any issue in the case lies within the sound discretion of the trial court. *Williams v. State*, 535 S.W.2d 637, 639–40 (Tex.Crim.App.1976). "In reviewing questions of this sort, we are constrained to pass on claimed error by determining only whether the trial judge clearly abused his discretion in allowing the evidence to be admitted." *Cantrell*, 731 S.W.2d at 92–93; *Maddox*, 682 S.W.2d at 564.

In *Maddox*, the defendant was convicted of delivery of a controlled substance. The Court of Criminal Appeals held that the introduction of a rifle into evidence was connected with the defendant's arrest. *Maddox*, 682 S.W.2d at 565.

In *Williams*, the defendant was convicted of possession of marihuana. A gun found in the defendant's suitcase after the arrest was admitted into evidence. In determining the admissibility of the gun, the Court held that:

> The articles in question were found in appellant's possession at the time of the commission of the offense and of the arrest. They were circumstances surrounding the offense and the arrest, and were relevant not only to guilt, but also to the issues of punishment and probation. No clear abuse of the trial court's discretion is shown.

*Williams*, 535 S.W.2d at 640.

Likewise, in *Ross v. State*, 169 Tex.Cr.R. 313, 334 S.W.2d 174 (1960), the defendant was arrested for driving while intoxicated. The State was allowed to introduce testimony that a .38 caliber gun was found inside the car. The Court held: "The jury was entitled to know that the defendant on trial had control of a pistol as well as a motor vehicle while he was intoxicated. Proof of the circumstances surrounding the commission of an offense which form a part of the occurrence are admissible." *Ross*, 334 S.W.2d at 175.

In this case, the silver gun purportedly used in the robberies had already been admitted into evidence. The State was entitled to introduce the second gun as circumstances surrounding appellant's arrest. Whether the newspaper was relevant to any issue in the case was within the trial court's discretion. There is nothing to indicate that the introduction into evidence of either the second gun or the newspaper was inherently prejudicial so as to cause the rendition of an improper verdict. No abuse of discretion is shown. Appellant's sixth point of error is overruled.

Upon closing of the State's case-in-chief, appellant moved for an instructed verdict. The trial court overruled his motion. Appellant, without putting on any evidence, then rested. The State also rested. By his final point of error, appellant asserts that the trial court should have sustained his

motion because there was insufficient evidence to convict him.

 In a circumstantial evidence case, the standard of review for allegations of insufficient evidence is the same as for direct evidence cases. *Castillo*, 739 S.W.2d at 287; *Moreno v. State*, 721 S.W.2d 295, 300 (Tex.Crim.App.1986). The standard adopted by the Court of Criminal Appeals is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Castillo*, 739 S.W.2d at 287; *Moreno*, 721 S.W.2d at 300.

In a circumstantial evidence case, it has also been said that:

> It is not required that the circumstances should, to a moral certainty, actually exclude every hypothesis that the act may have been committed by another person, but that the hypothesis is a reasonable one consistent with the circumstances and the facts proved. (Citations omitted) Each fact need not point directly and independently to the guilt of the accused, as the cumulative effect of all the incriminating facts may be sufficient to support the evidence. (Citations omitted) However, proof which amounts only to a strong suspicion or mere probability is insufficient.

*Castillo*, 739 S.W.2d at 287; *Brandley*, 691 S.W.2d at 699, 703–04; *Carlsen v. State*, 654 S.W.2d 444, 447 (Tex.Crim.App.1983).

"It is enough if the conclusion [of guilt] is warranted by the combined and cumulative force of all the incriminating circumstances." *Castillo*, 739 S.W.2d at 288.

 In reviewing the evidence in the light most favorable to the verdict, we are persuaded that the "combined and cumulative force of all the incriminating circumstances" is sufficient to support the jury's verdict.

All of appellant's points of error have been considered and are overruled. The judgment of the trial court is AFFIRMED.