Audrey Eldon **BAGLEY**, Appellant,

v.

**The STATE of Texas, Appellee.**

No. 572–86.

Court of Criminal Appeals of Texas, En Banc.

Sept. 13, 1989.

---

Paul N. Buchanan, Beaumont, for appellant.

James S. McGrath, Former Dist. Atty., Tom Maness, Dist. Atty., and R.W. Fisher, Asst. Dist. Atty., Beaumont, Robert Huttash, State's Atty., Austin, for the State.

### OPINION ON APPELLANT'S PETITIONS FOR DISCRETIONARY REVIEW

WHITE, Judge.

This is an appeal from a conviction for aggravated rape. Appellant pled guilty before the jury which then assessed punishment. The jury, rejecting appellant's application for probation, assessed punishment at fifty years' imprisonment.

On direct appeal, appellant contested the trial court's admission of various extraneous offenses at punishment. The Beaumont Court of Appeals affirmed the conviction. *Bagley v. State*, 708 S.W.2d 585 (Tex. App.—Beaumont 1986). The court, relying on a myriad of rationales, found some of the extraneous offenses admissible as relevant to appellant's application for probation and others inadmissible, yet constituting harmless error. We granted appellant's petitions to review that decision and, in light of our recent holding in *Murphy v.*

*State,*[1] 777 S.W.2d 44 (Tex.Cr.App.1989) and *King v. State,* 773 S.W.2d 302 (Tex. Cr.App.1989) we will reverse and remand for reapplication of a harm analysis.[2]

 The Court of Appeals held that the extraneous offenses and matters concerning appellant's failure to appear, bond forfeiture and subsequent rearrest were properly admitted. In doing so, the court discredited appellant's argument that, although such extraneous evidence of flight would be admissible to prove guilt, it is not admissible where, as in the instant case, guilt is admitted. The court responded to this argument by stating,

> It has been stated many times that the state's right to introduce evidence is not restricted by the entry of a plea of guilty by the defendant, or by his admissions of facts sought to be proved; relevant facts admissible under a plea of not guilty are also admissible under a plea of guilty. *Hoffert v. State,* 623 S.W.2d 141 [,145] (Tex.Cr.App.1985).

*Bagley, supra* at 587. We agree. Relevant facts are admissible regardless of the plea. *Wilkerson v. State,* 736 S.W.2d 656, 659 (Tex.Cr.App.1987) (and cases cited therein). The court then went on to hold other unspecified extraneous offenses admissible as relevant to appellant's application for probation. To this portion of the court's opinion we must disagree.

 Recently, this Court held that extraneous offenses are, in fact, generally not admissible as relevant to "a material issue tendered by an application for probation in a punishment proceeding before a jury." *Murphy, supra,* at 67; *King, supra.*[3]

Thus, we must reverse the judgment of the Court of Appeals and remand back to that court for an analysis of the harm caused by the erroneous admission of these extraneous offenses. *See,* Tex.Rules App.Proc., R. 81(b)(2).

---

**1.** This writer dissented to the majority opinion in *Murphy,* and although still standing by my original position, I recognize allegiance to stare decises and thus abide by the rule of law adopted by a majority of this Court.

**2.** Because we find error in the court's determination that some of the extraneous offenses were admissible as relevant to appellant's probation application, we do not reach the merits of the court's harm analysis concerning the extraneous offenses held to have been erroneously admitted.

**3.** Extraneous offenses may, of course, be admissible at the punishment phase if the defense "opens the door" to their admissibility by presenting evidence of specific good acts. *Murphy,* at 67. Predictive statements about future conduct may also "open the door." *Drew v. State,* 777 S.W.2d 74 (Tex.Cr.App.1989); *King v. State,* 773 S.W.2d 302 (Tex.Cr.App.1989). Because these issues were not raised by the State, they are not properly before us and we do not reach them in this case. *Wilson v. State,* 772 S.W.2d 118 (Tex.Cr.App.1989)