**Floyd BLACKBURN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10-90-135-CR.**

Court of Appeals of Texas, Waco.

June 13, 1991.

Rehearing Denied July 11, 1991.

Discretionary Review Refused Oct. 9, 1991.

Lynn W. Malone, McDonald & Malone, Waco, for appellant.

John W. Segrest, Crim. Dist. Atty., Ed Lane, Asst. Dist. Atty., Waco, for appellee.

Before THOMAS, C.J., and CUMMINGS and VANCE, JJ.

## OPINION

VANCE, Justice.

Appellant was convicted of possession of amphetamine less than 28 grams and assessed 10 years probation and a $10,000 fine. *See* TEX.HEALTH & SAFETY CODE ANN. § 481.116 (Vernon 1991); TEX.PENAL CODE ANN. § 12.34 (Vernon Supp.1991). We must decide if a photograph seized at Appellant's residence was properly admitted into evidence. Because the photograph was irrelevant and its admission into evidence harmed Appellant, we reverse the judgment.

■ During the execution of a search warrant at Appellant's residence, a package of amphetamine powder, guns, ammunition, jewelry, two "coke spoons," and "well over a hundred" photographs were seized. One photograph depicts a woman standing beside a daybed, on which rests a large mirror with a "rail" of a white powdery substance. The woman is holding a large cardboard tube to her nose, pointed toward the mirror. The sponsoring witness did not know (1) who the woman was, (2) when the picture was taken, (3) where the picture was taken, or (4) what the white powdery substance was. He could only say that the woman also appeared in another seized photograph that depicted Appellant, his wife, and another unknown male on another occasion. In fact, the witness thought that the scene depicted by the photograph was "a joke." The photograph was admitted into evidence over Appellant's objection that it was irrelevant and that its probative value was outweighed by its prejudicial effects.

Rule 402 provides in part: "Evidence which is not relevant is inadmissible." TEX. R.CRIM.EVID. 402. Rule 403 provides in part: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice...." *Id.* at 403.

The State's position is that the photograph is part of the res gestae of Appellant's arrest and, as a condition surrounding his arrest, was properly admitted. Appellant argues that his possession of the controlled substance was undisputed, that "hundreds" of photographs were seized but only a few were offered into evidence, and that the State did not connect the woman or the activity depicted by the photograph to Appellant other than by another photograph showing them together. Thus, Appellant says that the photograph was irrelevant because it was not connected to the charges against him and that, if relevant, its probative value was substantially outweighed by the danger of unfair prejudice.

As a general rule, the state is entitled to show the circumstances surrounding the arrest of an accused, unless such evidence is inherently prejudicial and has no relevance to any issue in the case. *Paz v. State*, 749 S.W.2d 626, 629 (Tex.App.—Corpus Christi 1988, pet. ref'd). Whether evidence is relevant to any issue in the case lies within the sound discretion of the trial court. *Id.* In reviewing questions of this nature, we determine only whether the trial judge clearly abused his discretion in allowing the evidence to be admitted. *See id.*

Evidence is relevant if it has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. TEX. R.CRIM.EVID. 401. We cannot see how the person or activity depicted by the photograph tends to make any fact that is of consequence to the determination of the action more probable or less probable than it would be without the photograph. *See id.* We hold that the trial judge clearly abused his discretion in determining that the photograph was relevant and that it should not have been admitted into evidence. *See id.*

■ Even if the photograph were considered to be relevant, we believe that it should have been excluded because its probative value was substantially outweighed by the danger of unfair prejudice to Appellant. *See* TEX.R.CRIM.EVID. 403. The State did not prove when it was taken, where it was taken, the identity of the woman, or what the substance on the mirror was. It was characterized by the sponsoring witness as a "joke." As proof of the existence of any fact that was of consequence to the determination of the action, it was totally unnecessary and its probative effect was negligible. *See Jiminez v. State*, 787 S.W.2d 516, 524 (Tex.App.—El Paso 1990, no pet.). In making this determination, we consider the fact that Appellant did not seriously contest his possession of the controlled substance, as evidenced by his pointing out the contraband to the searching officers and his defense at trial. When a defendant pleads not guilty to the offense and puts the state to the burden of proving all essential facts, his admission of any essential fact cannot be considered in the determination of relevancy of evidence under Rule 401; however, when a defendant admits the truth of a specific fact of consequence to the determination of the action, that admission can enter into the balancing of the probative value of relevant evidence as tending to establish that fact against its possible prejudicial effects. *See* TEX. R.CRIM.EVID. 401, 403. We hold that even if the photograph were relevant, the trial judge should have excluded it under Rule 403. *See id.*

■ The dissent argues that Appellant failed to preserve any error resulting from the admission of the photograph, exhibit 24, into evidence because his objection was too general. At the time the photograph was offered, the following exchange took place:

[Prosecutor]: Your honor, we would offer State's 23, 24, and 25 into evidence. 22, 23, 24, and 25.

[Appellant's Attorney]: We object to 22, 23, 24, and 25 because they are irrelevant. And their probative value is outweighed by any prejudicial effect they may have. It's 403 and 404, I believe.

In addition to that, as to No. 24, we will object because it's—other than the fact that it was shown apparently to have been found in the residence, there is no connection with the defendant.

In addition to that, we object that there is not a proper predicate laid for any of the photographs identified as 22, 23, 24, and 25.

[Prosecutor]: Your honor, I think if I have a moment I can establish that predicate and also establish the relevance.

On voir dire questions by Appellant's counsel, the sponsoring witness testified that he did not know where the picture was taken, when it was taken, or who was depicted in it. When exhibit 24 was again offered by the State, Appellant's counsel stated:

Your Honor, we will renew the same objection we heretofore made to Exhibits 24 and 25 again on the basis of predicate, relevancy, probative value versus prejudice weight.

We believe that, because the Rules of Criminal Evidence define the term "relevant evidence" and prohibit the admissibility of evidence which is "not relevant," an objection that evidence is irrelevant directs the court's attention to the proper rule. *Id.* at 401, 402. The rules specifically provide that a timely objection must state the specific ground only "if the specific ground was not apparent from the context; ...." *Id.* at 103(a)(1). Prior to the rules, although general objections were held not to preserve error, there was a limitation on or an exception to the rule: When the evidence was not relevant to any issue in the case and could have had no material bearing thereon, a general objection that it was immaterial and irrelevant was sufficient to preserve a right of review of error in admitting it. *Bridges v. City of Richardson*, 354 S.W.2d 366, 368 (Tex.1962); *see also Xanthull v. State*, 172 Tex.Crim. 481, 358 S.W.2d 631, 632 (App.1962); 1 R. RAY, TEXAS LAW OF EVIDENCE CIVIL AND CRIMINAL § 25 (Texas Practice, 1980). An objection that evidence is "irrelevant" or "not relevant" will preserve a right of review of error in admitting the evidence if the test of relevancy prescribed by Rule 401 is not met. *See* TEX.R.CRIM.EVID. 401, 402. We sustain point one.

Having found error, we must determine if the error made any contribution to the conviction or the punishment. *See* TEX.R.APP.P. 81(b)(2). We are guided through our harmless error analysis by the opinion in *Harris v. State*, in which the Court of Criminal Appeals said we are to focus, not on the result, but on the error and its effect on the process whereby the jurors apply law to facts to reach a verdict, examining whether the trial was essentially a fair one. *See Harris v. State*, 790 S.W.2d 568, 588 (Tex.Crim.App.1989). If the error was of a magnitude that it disrupted the jury's orderly evaluation of the evidence, no matter how overwhelming the overall evidence might have been, then the conviction is tainted. *Id.* The procedure is: first, isolate the error and all its effects, then ask whether a rational trier of fact might have reached a different result if the error and its effects had not resulted. *Id.* In isolating the error and its effects, consideration may be given to the source of the error, the nature of the error, whether and to what extent it was emphasized by the state, its probable collateral implications, and other considerations suggested by the facts of the case. *Id. at 587.* In determining whether a rational trier of fact might have reached a different conclusion, we may consider how much weight a juror would probably place upon the error and its probable impact on the jury in light of the existence of the other evidence. *See id.*

Appellant admitted possession of the controlled substance. During the guilt-innocence phase the prosecutor elicited speculation from a State's witness that the type of activity depicted by the picture was illegal use of an illegal substance. At the punishment phase, Appellant offered several witnesses who attested to his good character, while the State offered none. In argument at the punishment phase, the prosecutor referred to the photograph, saying:

Now do you seriously believe ... that this girl in this picture ... is doing anything but looking at a rail of either cocaine or amphetamine or some other controlled substance and ... here she is with the [Appellant] and his wife in another picture? Do you think this is a novice sitting here?

We cannot determine why the prosecutor referred to the photograph in such a manner after its sponsoring witness called it a "joke." We believe, however, that the speculative testimony about the photograph and its presence in the jury room as an exhibit probably interrupted the orderly consideration of the evidence by the jury. *See Harris,* 790 S.W.2d at 588. We further believe that in view of the evidence, the range of punishment applicable to the offense, and the argument of the prosecutor suggesting inferences that he wanted the jury to draw from the photograph, a rational trier of fact might have reached a different result at the punishment phase of the trial had the photograph not been admitted into evidence. *See id.* We cannot say, beyond a reasonable doubt, that the error made no contribution to his punishment. *See* Tex.R.App.P. 81(b)(2); *Harris,* 790 S.W.2d at 588.

We reverse the judgment and remand the cause to the trial court.

THOMAS, Chief Justice, dissenting.

To convict Appellant of the possession of amphetamine, the State had to prove beyond a reasonable doubt that he exercised care, custody, control or management over the drug and that he knew it was contraband. *See Humason v. State,* 728 S.W.2d 363, 365 (Tex.Crim.App.1987). The majority finds harmful error from the introduction into evidence of a photograph, seized from Appellant's residence at his arrest, which depicts drug use by an unidentified woman. "Coke" spoons and drugs were also seized during his arrest. Clearly, the prosecution is entitled to introduce into evidence any drugs, drug paraphernalia, weapons, and other items seized at the scene of the arrest of a person charged with possession of illicit drugs. *Daniels v. State,* 574 S.W.2d 127, 129 (Tex.Crim.App. [Panel Op.] 1978); *Downey v. State,* 505 S.W.2d 907, 909 (Tex.Crim.App.1974); *Miller v. State,* 469 S.W.2d 180, 181 (Tex.Crim. App.1971); *Garcia v. State,* 170 Tex.Crim. 328, 340 S.W.2d 803, 804 (1960). The evidence is admissible to show the context of the offense and arrest, or what was once called the "res gestae." *Downey,* 505

S.W.2d at 909; *Miller,* 469 S.W.2d at 181. This type of evidence is *relevant* because it tends to (1) establish an affirmative link between the defendant and the contraband, and (2) show the defendant knew he was possessing contraband. *Daniels,* 574 S.W.2d at 128–29; *Downey,* 505 S.W.2d at 909; *McGuill v. State,* 704 S.W.2d 46, 49 (Tex.App.—Corpus Christi 1985, pet. ref'd).

The trial court can exercise its sound discretion in determining the relevancy of evidence seized at the defendant's arrest. *Williams v. State,* 535 S.W.2d 637, 639–40 (Tex.Crim.App.1976). Accordingly, a relevancy determination should not be reversed except for an abuse of discretion. *Id.* at 640.

Despite the trial court's broad discretion in determining relevancy and the well-settled law relating to the admissibility of items seized at Appellant's arrest, the majority finds an abuse of discretion, concluding: "We cannot see how the person or activity depicted by the photograph tends to make any fact that is of consequence to the determination of the action more probable or less probable than it would be without the photograph." This is my first area of disagreement with the majority.

The "coke" spoons and drugs seized at the scene of Appellant's arrest related to drug use. This was also true of the photograph, which depicted a woman "snorting" a "rail" of drugs. That the photograph was staged as a "joke" does not detract from what it depicts: the purported use of drugs. The drug-related evidence was relevant because it tended to affirmatively link Appellant to and establish his knowing possession of the amphetamine. *See Daniels,* 574 S.W.2d at 128–29; *Downey,* 505 S.W.2d at 909; *McGuill,* 704 S.W.2d at 49. Considering that the trial court could have determined the photographs were relevant for at least two reasons, I believe the majority's finding of a clear abuse of discretion is wrong.

Although conceding the photograph's relevancy for purposes of argument, the majority nevertheless holds that the trial court should have excluded it because its

prejudicial effect substantially outweighed its relevancy. *See* TEX.R.CRIM.EVID. 403. This holding was reached despite the rule that only "rarely" will evidence admissible to show the context of the offense be properly excluded based on its prejudicial effect. *See Mann v. State,* 718 S.W.2d 741, 744 (Tex.Crim.App.1986). I do not believe this to be one of those rare occasions.

The majority balanced relevancy against prejudice and found relevancy substantially wanting based on Appellant's not "seriously [contesting] his possession of the controlled substance, as evidenced by his pointing out the contraband to the searching officers and his defense at trial." The holding is based on the following reasoning:

> When a defendant pleads not guilty to the offense and puts the state to the burden of proving all essential facts, his admission of any essential fact cannot be considered in the determination of relevancy of evidence under Rule 401; however, when a defendant admits the truth of a specific fact of consequence to the determination of the action, that admission can enter into the balancing of the probative value of relevant evidence as tending to establish that fact against its prejudicial effects. *See* TEX.R.CRIM.EVID. 401, 403.

I find no basis in logic or law for this proposition.

Although not expressly stated, the sequential logic behind the majority's view is apparently this: (1) Appellant admitted that he possessed the amphetamine, which thereby reduced the State's need to produce evidence of that fact; (2) the photograph, although relevant, also had an element of unfair prejudice; (3) in balancing relevancy against unfair prejudice, the trial court could and should have considered the reduced need to introduce the photograph to prove possession as either lessening its relevancy or, correspondingly, increasing its potential for unfair prejudice; (4) by admitting possession, the photograph's unfair prejudice then substantially outweighed its relevance; and (5) the court thereby abused its discretion when it did

not exclude the photograph under Rule 403. *See* TEX.R.CRIM.EVID. 403. Presumably, and as a logical extension of the majority's view, the photograph would have been admissible if Appellant had not admitted possessing the amphetamine.

Appellant could not restrict the right of the State to introduce drug-related evidence seized at his arrest by either pleading guilty or admitting that he possessed the amphetamine. *See Bagley v. State,* 776 S.W.2d 582 (Tex.Crim.App.1989); *Miller,* 469 S.W.2d at 181. Consequently, he could not lessen or affect the photograph's relevancy, thereby correspondingly increasing its prejudicial effect, simply by not "seriously [contesting]" or admitting key facts of the State's case. If he can affect the balance between relevancy and prejudice by his trial strategy, then he can affect the evidence's admissibility and thereby restrict the right of the State to introduce it. This he cannot do. *See id.*

Despite the trial court's broad discretion in determining the relative weight of relevancy and prejudice in the balancing test under Rule 403, the majority finds an abuse of discretion. *See Wright v. State,* 776 S.W.2d 763, 765 (Tex.App.—Corpus Christi 1989, pet. ref'd). I disagree with this holding.

After determining that the photograph was irrelevant or, if relevant, that its relevancy was substantially outweighed by its prejudicial effect, the majority finds harmful error from the photograph's admission. I disagree. Harmless error, like beauty, resides in the eye of the beholder. *See Harris v. State,* 790 S.W.2d 568, 587 (Tex. Crim.App.1989) (quoting *Kotteakos v. United States,* 328 U.S. 750, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946)) ("What may be technical for one is substantial for another.") Recognizing that harmless-error analysis is at best an "inherently subjective process," I believe that, when the assumed error is isolated and assayed against the record as a whole, we can conclude beyond a reasonable doubt that the error did not contribute to Appellant's conviction or punishment. *See Harris,* 790 S.W.2d at 587.

Appellant convicted himself: he admitted knowingly possessing amphetamine. The evidence of his guilt was overwhelming. Although harmless error cannot be decided based on the overwhelming evidence of his guilt, the probable impact of the error on the jury must be assessed in light of the "other evidence" in the record. *See id.* This is a distinction without a difference. *Id.*

My analysis of harmless error is guided by the procedure outlined in *Harris. See id.* The source and nature of the error was the admission into evidence of a photograph depicting feigned drug use. However, the jury had before it other evidence strongly indicating drug use by Appellant: the "coke" spoons and amphetamine. Thus, because the photograph was not the only evidence that Appellant probably used and allowed others to use what he possessed, to conclude that the jury would have placed great weight upon the picture in reaching its guilty verdict is not supported by the record.

During the guilt-innocence stage, a witness for the State testified that the photograph depicted illegal drug use. This could have hardly startled or stampeded the jury into convicting Appellant, as anyone with an ounce of common sense and experience could not have determined otherwise. Surely, neither the photograph nor the comment on what it obviously portrayed could have contributed to his conviction, especially in the light of other evidence of drug use and Appellant's admitted possession of the amphetamine. Likewise, the photograph was also mentioned in the State's punishment argument to dissuade the jury that Appellant was a "novice." A person who admits possessing amphetamine, who possesses drug paraphernalia ("coke" spoons), can be fairly characterized as having lost his status as a novice in the drug culture. The comment was consistent with the other evidence, a fair deduction from the evidence as a whole, and not unduly inflammatory based on the entire record. Accordingly, I do not believe that the assumed error of admitting the photograph contributed in any way to Appellant's punishment. One simply cannot ignore the probated sentence, which indicates that the jury clinically and unemotionally evaluated the evidence, considered Appellant's plea, and reached a fair and disinterested verdict, unaffected by any error arising from the photograph's introduction.

Lastly, the record indicates that the State acted in good faith. Whatever error was involved in introducing the photograph into evidence, it was the type of evidence (drug use) that has been historically admitted to show the context of the offense and arrest in a drug-possession case and considered relevant to show an affirmative link to and the knowing possession of illicit drugs. Considering the case law, offering and introducing the photograph into evidence cannot be rationally viewed as prosecutorial misconduct which will be repeated "with impunity" unless harmful error is found. *See id.* This is too close a question to justify a harmful-error finding on that basis.

After isolating the error, assaying it against the backdrop of the whole record, I remain unconvinced that a rational trier of fact would have reached a different result if the error and its effects had not occurred. *Id.* at 588. Therefore, to conclude that we cannot find beyond a reasonable doubt that the error did not contribute to his conviction or punishment is wrong in my opinion.

Finally, I disagree with the majority's holding that a general objection of "relevancy" will always suffice to preserve error because the definition of relevancy now has been written into the rules. *See* Tex. R.Crim.Evid. 401. Evidence may be irrelevant for a number of reasons: it may not connect the defendant to the crime; it may be connected to the defendant but be too remote to have any probative value; it may be connected to the defendant but be an extraneous offense. These are only a few examples. To accept the majority's reasoning—that a general objection of "relevancy" will preserve all of these grounds even though only one is good—effectively emasculates the requirement that to preserve error the objecting party must state "the

specific grounds of objection." *See id.* at 103(a)(1).

I respectfully dissent for these reasons. I would affirm the conviction.