CV5-402 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00402-CV







N. E. Carrio, Appellant



v.



Policy Council, Texas Department of Criminal Justice; Texas Board of Criminal Justice;
Texas Department of Criminal Justice; and Texas Department of

 Criminal Justice--Institutional Division, Appellees






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT


NO. 95-01408, HONORABLE JOSEPH H. HART, JUDGE PRESIDING







PER CURIAM


 N. E. Carrio appeals from the trial-court order dismissing as frivolous his lawsuit
challenging the non-smoking policy apparently (1) applied to inmates of the Texas Department of
Corrections--Institutional Division. Tex. Civ. Prac. & Rem. Code Ann. § 13.001(a)(2) (West
Supp. 1996) (the Code). (2) In three points of error, Carrio contends that the trial court abused its
discretion in dismissing the suit: (1) without a fact-finding hearing; (2) without issuing subpoenas
for "hostile" witnesses; and (3) without applying "controlling law to established (uncontroverted)
facts of the case." We will affirm the trial-court order.

Dismissal as Frivolous


 The appellate court reviews a dismissal under section 13.001(a)(2) (3) using an abuse
of discretion standard. Pedraza v. Tibbs, 826 S.W.2d 695, 698-99 (Tex. App.--Houston [1st
Dist.] 1992, writ dism'd w.o.j.); Johnson v. Peterson, 799 S.W.2d 345, 346 (Tex. App.--Houston
[14th Dist.] 1990, no writ). A trial court abuses its discretion when it acts in an arbitrary and
unreasonable manner, or when it acts without reference to any guiding principles. Beaumont
Bank, N.A. v. Buller, 806 S.W.2d 223, 226 (Tex. 1991); Downer v. Aquamarine Operators, Inc.,
701 S.W.2d 238, 241-42 (Tex. 1985).

 A trial court may dismiss an action as frivolous at any time. Code, § 13.001(c);
Kendrick v. Lynaugh, 804 S.W.2d 153, 154 (Tex. App.--Houston [14th Dist.] 1990, no writ). The
court may dismiss without notice or an opportunity to amend. Peterson, 799 S.W.2d at 347. It
may dismiss without a hearing, unless fact-finding is necessary under the "no arguable basis in
fact" prong of section 13.001(b)(2). Thomas v. Holder, 836 S.W.2d 351, 352 (Tex. App.--Tyler
1992, no writ); Houston Dairy, 813 S.W.2d at 239.

 Although it is somewhat difficult to decipher Carrio's exact cause or causes of
action, he basically seems to ask for a declaratory judgment that the non-smoking policy
promulgated by appellees is illegal. However, appellees are all state agencies and asserted
governmental immunity in their answer and motion to dismiss. We need interpret Carrio's
pleadings only to the degree necessary to decide whether he has plead any cause not barred by
governmental immunity.

Governmental Immunity


 The state, as sovereign, is immune from suit unless it gives its permission to be
sued. Missouri Pac. R.R. v. Brownsville Navigation Dist., 453 S.W.2d 812, 813 (Tex. 1970);
Dillard v. Austin Indep. Sch. Dist., 806 S.W.2d 589, 594-96 (Tex. App.--Austin 1991, writ
denied). A party must have legislative consent or statutory authorization before it can maintain
a suit and recover a judgment that will operate to control state action, subject the state to liability,
or affect the state's property rights and interests. Director of the Dep't of Agric. & Env't v.
Printing Indus. Ass'n, 600 S.W.2d 264 (Tex. 1980); Bagg v. University of Texas Medical Branch,
776 S.W.2d 582, 584 (Tex. App.--Houston [14th Dist.] 1987, writ ref'd n.r.e.). Governmental
immunity extends to all agencies, political subdivisions, and other institutions which are derived
from the state constitution and laws. Dillard, 806 S.W.2d at 589.

 Actions of a state official that are unconstitutional, illegal, wrongful, or beyond
statutory authority are not protected by governmental immunity and a suit seeking relief from the
official's conduct is not one against the state. Oxford v. Hill, 558 S.W.2d 557, 560 (Tex. Civ.
App.--Austin 1977, writ ref'd); Dillard, 806 at 596-98. However, the proper remedy is for a party to sue the official in authority at the governmental unit and not the governmental unit
itself. Dillard, 806 at 598; Bagg, 726 S.W.2d at 584-85. Carrio has sued only governmental
units and thus has not overcome governmental immunity.

 Carrio also tries to bring this under the Texas Tort Claims Act. Tex. Civ. Prac.
& Rem. Code Ann. §§ 101.001 - 101.109 (West 1986 & Supp. 1996). To do so, his claim must
have arisen from the condition or use of tangible personal property and must be actionable were
the State a private person. Id. at 101.021(2). Plaintiff's pleadings concern only the promulgation
of a policy. Policy creation is a discretionary function not subject to the Tort Claims Act. Id.
at § 101.056; see State v. Terrell, 588 S.W.2d 784, 787-88 (Tex. 1979); Tanner v. East Texas
Mental Health, Inc., 889 S.W.2d 3, 5 (Tex. App.--Tyler 1994, no writ); Eakle v. Texas Dept. of
Human Services, 815 S.W.2d 869, 874 (Tex. App.--Austin 1991, writ denied).

 Appellant sued the State through several of its agencies without demonstrating that
he has overcome the barrier of governmental immunity. The trial court did not abuse its
discretion in dismissing as frivolous a suit that on its face is completely barred. Because we are
overruling appellant's points of error one and three asserting that the court erred in dismissing his
suit, we need not consider the issue raised in point two concerning witnesses.

 We affirm the trial-court order.


Before Chief Justice Carroll, Justices Jones and B. A. Smith

Affirmed

Filed: March 20, 1996

Do Not Publish
1. Appellant alleges the existence and future implementation of this policy, apparently
based on press conferences or press releases. He cites no formal rule or order promulgated by
any of the appellees that implements this policy.
2. Appellant is incarcerated in the Texas Department of Criminal Justice, Institutional
Division. We note that statutory provisions specifically covering inmate litigation have been
enacted. Tex. Civ. Prac. & Rem. Code Ann. §§ 14.001-14.014 (West Supp. 1996). These
provisions, however, apply only to causes of action that accrued on or after the effective date
of the act, June 8, 1995. Act of May 19, 1995, 74th Leg., R.S., ch. 378, § 10, 1995 Tex.
Gen. Laws 2927.
3. We will assume that the cause was dismissed under Code § 13.001(b)(2) for having no
arguable basis in law or fact. For a discussion of the viability of the other two prongs of
§ 13.001(b) see Johnson v. Lynaugh, 796 S.W.2d 705, 706 (Tex. 1990); Spellmon v. Sweeney,
819 S.W.2d 206, 208 (Tex. App.--Waco 1991, no writ); Birdo v. Ament, 814 S.W.2d 808,
809-10 (Tex. App.--Waco 1991, writ denied); McDonald v. Houston Dairy, 813 S.W.2d 238,
239 (Tex. App.--Houston [1st Dist.] 1991, no writ).