TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00482-CR






Benny Hinds, Appellant



v.



The State of Texas, Appellee







FROM THE COUNTY COURT AT LAW NO. 1 OF WILLIAMSON COUNTY


NO. 98-0888-1, HONORABLE KEVIN HENDERSON, JUDGE PRESIDING







A jury found appellant Benny Hinds guilty of driving while intoxicated. See Tex.
Penal Code Ann. § 49.04 (West Supp. 2000). The court assessed punishment at incarceration for
180 days and a $2000 fine, but suspended imposition of sentence and placed appellant on
community supervision. We will affirm.

Appellant contends the evidence is factually insufficient to sustain the conviction. 
A factual sufficiency review asks whether a neutral review of all the evidence, both for and
against the finding of guilt, demonstrates that the proof of guilt is so obviously weak or so greatly
outweighed by contrary proof as to undermine confidence in the jury's determination. See
Johnson v. State, No. 1915-98, slip op. at 18 (Tex. Crim. App. Feb. 9, 2000). A verdict may
be set aside only if a finding of guilt beyond a reasonable doubt is clearly wrong and unjust. See
Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996); Stone v. State, 823 S.W.2d 375,
381 (Tex. App.--Austin 1992, pet. ref'd as untimely filed).

Appellant was stopped for observed traffic violations. The officer testified that
appellant's eyes were watery and bloodshot, his speech was slurred, and he smelled of alcoholic
beverage. Appellant's pants were unzipped, his clothes were in disarray, and he was unable to
stand without swaying. Appellant was asked to perform several field sobriety tests, none of which
he was able to complete satisfactorily. Based on these observations, the officer concluded that
appellant was intoxicated.

Appellant attacks the credibility of the arresting officer's testimony regarding the
reasons for the traffic stop that resulted in his arrest. The circumstances of the stop are irrelevant
to the question whether appellant was driving while intoxicated. We must maintain appropriate
deference to the jury's verdict by finding error only when the record clearly indicates that the
verdict is wrong and manifestly unjust. See Johnson, slip op. at 13; Reina v. State, 940 S.W.2d
770, 773 (Tex. App.--Austin 1997, pet. ref'd). Even if every assertion in appellant's brief were
true, the jury's finding of guilt would not be manifestly unjust. Point of error two is overruled.

Appellant also asserts that the State withheld favorable evidence. The arresting
officer's offense report indicated that a videotape of appellant was made. The officer testified,
however, that the notation was erroneous and that no videotape was made. Appellant concedes
that there is no evidence that a videotape exists, but asserts "the state's testimony leads to the
conclusion that one did exist" and "leads to the inference that it was exculpatory." We disagree. 
The officer's testimony leads to the conclusion that no videotape was made, and we decline
appellant's invitation to presume misconduct by the State. Point of error one is overruled.

Finally, appellant complains the court erroneously excluded evidence that the
Department of Public Safety refused to suspend his driver's license. Appellant took an intoxilyzer
test following his arrest. The two breath samples showed an alcohol concentration of 0.100 and
0.099, respectively. Appellant was served with a notice of suspension, but the department
subsequently rescinded the suspension because one of the two samples did not meet the statutory
definition of intoxication. See Act of May 29, 1993, 73d Leg., R.S., ch. 900, sec. 1.01, § 49.01,
1993 Tex. Gen. Laws 3586, 3696 (Tex. Penal Code Ann. § 49.01(2)(B), since amended). The
trial court ruled that the department's decision was not relevant: "It doesn't, in my view, tend to
prove or disprove any element of the case. . . . The Department of Public Safety can have
whatever regulations it wants to have regarding the suspension of driver's license. It has
absolutely no bearing on whether or not Mr. Hinds was intoxicated."

Evidence is relevant only if it has a tendency to make the existence of any
consequential fact more or less probable than it otherwise would be. See Tex. R. Evid. 401. The
decision whether evidence is or is not relevant is committed to the discretion of the trial court. 
See Paz v. State, 749 S.W.2d 626, 629 (Tex. App.--Corpus Christi 1988, pet. ref'd). A trial court
does not abuse its discretion if its ruling lies within the zone of reasonable disagreement. See
Montgomery v. State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990). Appellant was accused of
driving without the normal use of his mental and physical faculties by reason of alcohol
consumption. See Tex. Penal Code Ann. 49.01(2)(A) (West Supp. 2000). The trial court has not
been shown to have abused its discretion by concluding that the department's decision was not
relevant to the question of whether appellant's faculties were impaired by alcohol. See also
Reynolds v. State, 4 S.W.3d 13, 19-22 (Tex. Crim. App. 1999); Tex. Transp. Code Ann.
§ 524.012(e) (West 1999). Point of error three is overruled.

The judgment of conviction is affirmed.



 


 Lee Yeakel, Justice

Before Justices Jones, Yeakel and Patterson

Affirmed

Filed: June 22, 2000

Do Not Publish



ellant's pants were unzipped, his clothes were in disarray, and he was unable to
stand without swaying. Appellant was asked to perform several field sobriety tests, none of which
he was able to complete satisfactorily. Based on these observations, the officer concluded that
appellant was intoxicated.

Appellant attacks the credibility of the arresting officer's testimony regarding the
reasons for the traffic stop that resulted in his arrest. The circumstances of the stop are irrelevant
to the question whether appellant was driving while intoxicated. We must maintain appropriate
deference to the jury's verdict by finding error only when the record clearly indicates that the
verdict is wrong and manifestly unjust. See Johnson, slip op. at 13; Reina v. State, 940 S.W.2d
770, 773 (Tex. App.--Austin 1997, pet. ref'd). Even if every assertion in appellant's brief were
true, the jury's finding of guilt would not be manifestly unjust. Point of error two is overruled.

Appellant also asserts that the State withheld favorable evidence. The arresting
officer's offense report indicated that a videotape of appellant was made. The officer testified,
however, that the notation was erroneous and that no videotape was made. Appellant concedes
that there is no evidence that a videotape exists, but asserts "the state's testimony leads to the
conclusion that one did exist" and "leads to the inference that it was exculpatory." We disagree. 
The officer's testimony leads to the conclusion that no videotape was made, and we decline
appellant's invitation to presume misconduct by the State. Point of error one is overruled.

Finally, appellant complains the court erroneously excluded evidence that the
Department of Public Safety refused to suspend his driver's license. Appellant took an intoxilyzer
test following his arrest. The two breath samples showed an alcohol concentration of 0.100 and
0.099, respectively. Appellant was served with a notice of suspension, but the depar