

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-17-00077-CR

LUIS CESAR GUTIERREZ                                    APPELLANT

V.

THE STATE OF TEXAS                                            STATE

----------

FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NO. 1433731D

----------

## MEMORANDUM OPINION[1]

----------

Appellant Luis Cesar Gutierrez appeals from his conviction for continuous sexual abuse of a child younger than fourteen (CSA) and twenty-eight year sentence. In three points, Gutierrez complains of the admission of extraneous bad-act evidence and the imposition of two statutorily mandated court costs.

---

[1]*See* Tex. R. App. P. 47.4.

Because we conclude his points raise no reversible error, we affirm the trial court's judgment.

## I. BACKGROUND

Gutierrez was indicted with the CSA of his ten-year-old stepdaughter, Nina.[2]  *See* Tex. Penal Code Ann. § 21.02 (West Supp. 2016).  At trial, Nina testified that when her mother was not at home, Gutierrez would put his hands inside her underwear, touch her female sexual organ with his hand, and digitally penetrate her vagina.  These incidents—numbering approximately forty-five times—began when Nina was ten and continued until she was thirteen.  Nina stated that Gutierrez also physically hit her on several occasions, which she would occasionally, yet fruitlessly, report to her mother or grandparents.  Nina did not disclose the sexual abuse until the summer after she graduated from high school, spurred by her discovery that her brother had been caught putting his hands down his cousin's pants.

Ann, a former teenaged neighbor of Gutierrez's, testified at the guilt-innocence phase of trial that when she was thirteen or fourteen, she went to Gutierrez's house to get her sister.  Gutierrez asked her what "turned [her] on" and tried to kiss her.  When Ann pushed him away and began to leave with her sister, Gutierrez hugged Ann and said that "he was sorry if [Ann] felt something poking [her]," which Ann took to mean that Gutierrez had an erection.

---

[2]To protect the involved minors' identities, we refer to them by aliases. *See* Tex. R. App. P. 9.10(a)(3); 2d Tex. App. (Fort Worth) Loc. R. 7.

The jury found Gutierrez guilty of the CSA of Nina and after a punishment hearing, assessed his punishment at twenty-eight years' confinement. In the resulting judgment imposing the sentence assessed by the jury, the trial court imposed court costs of $679 against Gutierrez. The district clerk's itemized bill of costs, which was not incorporated into the judgment, reflected that $100 of the costs was for "Child Abuse Prv" and that $133 was for "CCC-Felony."

## II.  ADMISSION OF ANN'S TESTIMONY

Gutierrez initially argues that the trial court abused its discretion by admitting "evidence of an extraneous assault purportedly committed by [Gutierrez]"—Ann's testimony. Gutierrez asserts that even though admissible under article 38.37, the evidence was substantially more prejudicial than probative and should have been excluded. *See* Tex. Code Crim. Proc. Ann. art. 38.37, § 2(b) (West Supp. 2016).

### A.  PRESERVATION OF APPELLATE COMPLAINT

The State asserts that Gutierrez's overruled objection to Ann's testimony— "[Ann's testimony is] inadmissible under 401, 402, and also prejudicial in this case"—did not preserve his appellate complaint under rule 403 for our review because he failed to refer to rule 403 or specifically state that the probative value was outweighed by its prejudicial effect. *See* Tex. R. Evid. 401–03. We disagree.

By referring to rules 401 and 402—governing the admissibility of relevant evidence—and then immediately stating that Ann's testimony was "also

3

prejudicial"—a ground to exclude otherwise admissible, relevant evidence under rule 403—Gutierrez sufficiently alerted the trial court to the specifics of his objection founded on the alleged unduly prejudicial nature of the testimony under rule 403. *See* Tex. R. App. P. 33.1(a)(1)(A); Tex. R. Evid. 103(a)(1)(B); *see, e.g.*, *Goswick v. State*, No. 11-16-00164-CR, 2017 WL 2986841, at *4 (Tex. App.—Eastland July 13, 2017, no pet.) (mem. op., not designated for publication); *Malone v. State*, 405 S.W.3d 917, 925–26 (Tex. App.—Beaumont 2013, pet. ref'd); *Blackburn v. State*, 820 S.W.2d 824, 827 (Tex. App.—Waco 1991, pet. ref'd); *cf. Lewis v. State*, No. 02-16-00179-CR, 2017 WL 2686325, at *9 (Tex. App.—Fort Worth June 22, 2017, no pet. h.) (mem. op., not designated for publication) (concluding objection only stating that evidence was "prejudicial" did not preserve appellate argument under rule 403); *Checo v. State*, 402 S.W.3d 440, 451 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd) (holding trial objection "on the basis of Rule 403" did not preserve error for appeal because such an objection "fails to identify . . . which of the five distinct grounds for excluding evidence listed in the rule is being argued as a basis for exclusion"). Gutierrez's trial objection was sufficient to preserve his appellate argument under rule 403 for our review.[3] *See generally Bekendam v. State*, 441 S.W.3d 295, 299–300

---

[3]We note that although the State gave Gutierrez notice that it intended to offer Ann's testimony at trial, the trial court did not hold a hearing regarding the admissibility of Ann's testimony as required by article 38.37. Tex. Code Crim. Proc. Ann. art. 38.37, §§ 2-a, 3. But Gutierrez did not object to the lack of an article 38.37 hearing in the trial court and does not raise that argument on appeal. *See Stephens v. State*, Nos. 02-15-00046-CR, 02-15-00047-CR,

4

(Tex. Crim. App. 2014) (eschewing "hyper-technical" application of preservation requirements if complaining party clearly and timely alerts trial court to bases for objection and raises those same bases on appeal).

## B. PROBATIVE VALUE BALANCED AGAINST PREJUDICIAL EFFECT

Otherwise relevant and admissible evidence may be excluded if its probative value is substantially outweighed by its unfairly prejudicial effect. *See* Tex. R. Evid. 403. And even when extraneous bad-act evidence is relevant under article 38.37, such evidence must meet the dictates of rule 403 if that issue is raised in the trial court. *See Belcher v. State*, 474 S.W.3d 840, 847 (Tex. App.—Tyler 2015, no pet.); *Sanders v. State*, 255 S.W.3d 754, 760 (Tex. App.—Fort Worth 2008, pet. ref'd). We review a trial court's determination under rule 403 for a clear abuse of discretion. *See Mozon v. State*, 991 S.W.2d 841, 846–47 (Tex. Crim. App. 1999). In this review and recognizing that the trial court was in a superior position to gauge the impact of the evidence, we measure the trial court's ruling against the rule 403 balancing criteria: (1) the inherent probative force of the evidence along with (2) the State's need for the evidence against (3) any tendency of the evidence to suggest a decision on an improper basis, (4) any tendency of the evidence to confuse or distract the jury from the main

---

2016 WL 2586639, at \*7 (Tex. App.—Fort Worth May 5, 2016, pet. ref'd) (mem. op., not designated for publication). A formal hearing under rule 403 is not required. *See Cruz v. State*, 122 S.W.3d 309, 313 (Tex. App.—Houston [1st Dist.] 2003, no pet.); *Hitt v. State*, 53 S.W.3d 697, 706 (Tex. App.—Austin 2001, pet. ref'd).

issues, (5) any tendency of the evidence to be given undue weight by a jury that has not been equipped to evaluate the probative force of the evidence, and (6) the likelihood that presentation of the evidence will consume an inordinate amount of time or merely repeat evidence already admitted. *See Gigliobianco v. State*, 210 S.W.3d 637, 641–42 (Tex. Crim. App 2006); *Mozon*, 991 S.W.2d at 847. At the outset, however, we recognize that rule 403 favors the admission of relevant evidence and carries a presumption that relevant evidence will generally be more probative than prejudicial. *See Shuffield v. State*, 189 S.W.3d 782, 787 (Tex. Crim. App. 2006). It is Gutierrez's burden to overcome this presumption and demonstrate that the probative value of the evidence is substantially outweighed by the danger of unfair prejudice. *Sanders*, 255 S.W.3d at 760.

We conclude that Gutierrez failed to overcome this presumption. Nina's credibility was integral to the State's case. Because of Nina's five-year delay in reporting the CSA, there was no physical evidence linking Gutierrez to the charged offense. Gutierrez attacked Nina's credibility at trial, asserting that she had fabricated the sexual-abuse allegations because she did not get along with him, because he had slapped her shortly before she reported the sexual abuse, and because she had been in trouble with her mother for her behavior at the time she made the report. Gutierrez's opening statement to the jury showed that Nina's credibility was a large part of his defensive case:

> [Nina], she hates [Gutierrez]. . . . Hates, hates, hates. She hated
> the way he disciplined her. She hated the way that her mother
> would take his side over things. She hated the way that he wouldn't

6

let her go on dates without taking the little sister . . . . [S]he hated the way that . . . he would record conversations where she's calling him a stupid asshole to her friends and he records it to show her mom. She hated the way that he would follow her around to make sure that she wasn't going off and doing things she wasn't supposed to do.

. . . .

. . . [I]s there scientific or medical testimony? Is there any kind of evidence? No. The sex abuse nurse that examined her . . . took [Nina's] word for it. Didn't even examine her. . . .

. . . .

Do we have collateral issues, divorce, custody? Yes. . . . So when I tell you you are going to have a mess judging the credibility on this case, it is a burden.

And the State's presentation of Ann's testimony took up only 17 of the 214 pages in the reporter's record representing the evidentiary portion of the guilt-innocence phase of trial. Factors one, two, and six weigh in favor of admission. *See, e.g.*, *Lambeth v. State*, 523 S.W.3d 244, 249–50 (Tex. App.—Beaumont 2017, no pet.); *Coleman v. State*, No. 06-16-00002-CR, 2017 WL 382419, at *3 (Tex. App.—Texarkana Jan. 27, 2017, pet. ref'd) (mem. op., not designated for publication); *Alvarez v. State*, 491 S.W.3d 362, 370–71 (Tex. App.—Houston [1st Dist.] 2016, pet. ref'd).

The remaining factors do not show that the probative value of Ann's testimony was substantially outweighed by its prejudicial effect. Of course Ann's testimony was prejudicial, but not unfairly so. Indeed, its prejudicial nature arises from the fact that it was especially probative of Gutierrez's propensity to prey on

7

young girls.  *See Belcher*, 474 S.W.3d at 848; *Bradshaw v. State*, 466 S.W.3d 875, 883–84 (Tex. App.—Texarkana 2015, pet. ref'd).  Gutierrez argues that because the incident with Ann was not a sexual offense and resulted only in a complaint against Gutierrez for assault by offensive contact, it was "not related in any way to the tale proffered by [Nina]."  But merely because Ann's testimony did not establish a sexual offense against Ann does not mean that it was unfairly prejudicial such that its exclusion under rule 403 was mandated.  We see no indication that Ann's brief testimony distracted the jury from the main issues in the case, suggested a decision on an improper basis, or was given undue weight because the jury was ill equipped to evaluate its probative force.  *See Lambeth*, 523 S.W.3d at 249–50; *Gonzales v. State*, 477 S.W.3d 475, 481–82 (Tex. App.—Fort Worth 2015, pet. ref'd).  The trial court's admission of Ann's testimony was not a clear abuse of its broad discretion.  We overrule point one.

### III.  COURT COSTS

#### A.  CHILD-ABUSE-PREVENTION FEE

In his second point, Gutierrez argues that the statute authorizing a $100 fee for child-abuse prevention upon conviction for a sexual offense against a child, including CSA, is facially unconstitutional because it violates separation of powers by turning the judicial branch into a tax collector.  *See* Tex. Code Crim. Proc. Ann. art. 102.0186(a) (West Supp. 2016).  But we have held that this cost is related to the administration of the criminal justice system such that the statute authorizing collection of this cost is not facially unconstitutional.  *See Horton v.*

8

*State*, No. 02-16-00229-CR, 2017 WL 1953333, at *6 (Tex. App.—Fort Worth

May 11, 2017, pet. filed) (en banc) (relying on *Ingram v. State*, 503 S.W.3d 745,

749 (Tex. App.—Fort Worth 2016, pet. ref'd)).[4]  We overrule point two.

## B. CONSOLIDATED FEE

In point three, Gutierrez contends that section 133.102(a)(1) of the local

government code, authorizing a consolidated fee assessed upon conviction of a

felony, is facially unconstitutional.  Specifically, he attacks the amounts statutorily

distributed to funds for comprehensive rehabilitation and abused children's

counseling, which comprised 9.8306% of the $133 collected.  Act of May 29,

2011, 82d Leg., R.S., ch. 1249, § 13(b), sec. 133.102(e), 2011 Tex. Sess. Law

Serv. 3348, 3352 (West) (amended 2017) (current version at Tex. Loc. Gov't

Code Ann. § 133.102(e) (West Supp. 2016)).[5]

Indeed, the court of criminal appeals held these two portions of the

consolidated fee to be facially unconstitutional because they were not distributed

for legitimate, criminal-justice purposes.  *See Salinas v. State*, 523 S.W.3d 103,

109–10 (Tex. Crim. App. 2017).  The State recognizes this precedent but argues

---

[4]Gutierrez's appellate counsel recognized this precedent and stated that the issue was raised solely "to preserve it for further review."

[5]Effective June 15, 2017, the Texas Legislature amended the consolidated-fee statute to delete the distributions for comprehensive rehabilitation and abused children's counseling and to readjust the percentage allocations accordingly.  Act of May 18, 2017, 85th Leg., R.S., ch. 966, §1, sec. 133.102(e) (West, Westlaw through 2017 1st C. Sess.) (current version at Tex. Loc. Gov't Code Ann. § 133.102(e)).  No party argues that this amended statute applies to the consolidated fee assessed against Gutierrez.

that because the consolidated fee does not implicate Gutierrez's personal rights and because application of the *Salinas* holding is subject to a limited retroactive approach, Gutierrez is not entitled to relief from these portions of the assessed fee. Gutierrez contends that because the court of criminal appeals "does not have a monopoly on protecting the people of Texas from unconstitutional statutes" and because *Salinas* does not "explicitly prohibit this Court from" granting him relief, this court must delete these portions of the unconstitutional consolidated fee assessed against him.

The court in *Salinas* expressly stated that its holding would apply retroactively only (1) if the defendant challenging the fee had a pending petition for discretionary review raising this constitutionality issue on the date of its *Salinas* opinion—May 11, 2017—or (2) if the defendant's trial ended after the *Salinas* mandate issued—June 30, 2017. *Id.* at 113. Gutierrez meets neither of these exceptions; therefore, he is not entitled to relief. *See Horton*, 2017 WL 1953333, at *5–6. We overrule point three.

## IV. CONCLUSION

Because the trial court did not clearly abuse its broad discretion by admitting Ann's testimony and because Gutierrez is not entitled to relief from the imposition of court costs in the trial court's judgment, we affirm. *See* Tex. R. App. P. 43.2(a).

10

/s/ Lee Gabriel

LEE GABRIEL
JUSTICE

PANEL:  GABRIEL, KERR, and PITTMAN, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  September 28, 2017

11