

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-15-00065-CR
### NO. 02-15-00066-CR
### NO. 02-15-00067-CR
### NO. 02-15-00068-CR

PABLO GONZALES, JR.                                          APPELLANT

V.

THE STATE OF TEXAS                                              STATE

----------

FROM THE 90TH DISTRICT COURT OF YOUNG COUNTY
TRIAL COURT NOS. 08792, 08793, 08796, 08794

----------

## OPINION

----------

A jury convicted Appellant Pablo Gonzales, Jr. of one count of aggravated sexual assault of a child and three counts of indecency with a child, charged in four separate indictments. The jury assessed his punishment at life imprisonment in the sexual assault case, twenty years' imprisonment in each of the indecency cases, and a $10,000 fine in each case. The trial court sentenced

him accordingly. Appellant brings four issues on appeal. He does not contest the sufficiency of the evidence supporting his guilt. Instead, he challenges the admission of outcry testimony, evidence that he did not waive extradition, and evidence of extraneous sexual offenses. Because the trial court committed no reversible error, we affirm the trial court's judgments.

**Summary of the Facts**

Because of the confusing nature of this record, we adopt the State's summary of the relationships of the witnesses and the pseudonyms assigned to the complainants in these four cases:

- Amanda . . . , Appellant's niece who lived with him at the time of the abuse[;]

- . . .

- Jane Doe A, Complainant [in] Cause No. 08792, Jane Doe B's sister, and cousin to Jane Does C and E[;]

- Jane Doe B, Complainant [in] Cause No. 08794, Jane Doe A's sister, and cousin to Jane Does C and E[;]

- T.P., Jane Doe A's and B's mother;

- Jane Doe C, Complainant [in] Cause No. 08793, Jane Doe E's sister, and cousin[] to Jane Does A and B[;]

- Jane Doe E, Complainant [in] Cause No. 08796, Jane Doe C's sister, and cousin[] to Jane Does A and B[;]

- J.P., Jane Doe C and E's mother and T.P.'s ex-sister-in-law[; and]

- T.H., complainant in extraneous offense admitted at trial[.]

Appellant lived in a two-bedroom house in which drug use was rampant. People would come and go on a regular basis, often leaving their children for

2

him to watch. Jane Doe children A, B, C, and E made outcries that Appellant had sexually abused them. The grand jury returned four separate indictments against Appellant in 2005, alleging that he had committed aggravated sexual assault against one child (Jane Doe C) and indecency with a child by sexual contact with three other children (Jane Does A, B, and E) when the children stayed in or visited his home in 2004 and 2005. Appellant left Texas after the Jane Doe children made outcries. He was finally arrested in California in 2012. He did not waive extradition to Texas.

Appellant's adult niece Amanda, who lived with Appellant at the time of the alleged abuse, testified that Jane Doe D, who was then ten years old, also lived in the house with Appellant. When Amanda moved in, Jane Doe D was staying with Appellant in his bedroom, which had one bed. Amanda testified that Jane Does A, B, C, and E, T.P., and T.H.'s father would also come to Appellant's house. Amanda testified that she took Jane Doe D with her when she moved out of Appellant's house. Amanda also testified that later, when Jane Doe D learned that Amanda planned to take her to Appellant's house so that he could babysit her for Amanda, Jane Doe D reacted hysterically and refused to go. Jane Doe D was murdered prior to Appellant's trial.

Jane Doe C testified that she had witnessed Appellant abusing Jane Doe A and that Appellant had abused her at the same time as Jane Does A and D on multiple occasions. She described how Appellant had sexually assaulted her by rubbing her vaginal area and penetrating her vagina with two of his fingers. Jane

3

Doe E described how Appellant had abused her by rubbing her genital area through her underwear and testified that she was eight years old when the abuse occurred. Jane Doe A testified that Appellant had touched her in her vaginal area a number of times, both under and over her clothes. Jane Doe B testified that Appellant touched her vaginal area under her clothes.

Midtrial, the trial court conducted an article 38.072 outcry hearing during which the State offered T.P. as an outcry witness for Jane Does A and B. T.P. testified that she was the mother of Jane Does A and B and that she had spent a lot of time at Appellant's house doing drugs with him during the period of the abuse. She remembered Jane Doe A's outcry but was generally fuzzy on other events in the past. T.P. testified that Jane Doe A had told her that Appellant had both touched and penetrated her genitals with his fingers. T.P. immediately took her two daughters to the police department and lodged a criminal report. She also took them to the advocacy center to be interviewed. It was uncontested that Appellant received proper notice of the State's intent to call T.P. as an outcry witness. The trial court found the outcry testimony reliable as to Jane Doe A but not as to Jane Doe B. Again, all four Jane Does named in the indictments testified at trial.

**Admissibility of Outcry**

In his first issue, Appellant argues that the trial court abused its discretion in admitting T.P.'s testimony regarding Jane Doe A's outcry because T.P. admitted that her memory of the event was fuzzy as a result of her drug use.

4

Consequently, he argues, the statement did not possess sufficient indicia of reliability at the time of the trial court's ruling. Additionally, he argues, T.P.'s testimony satisfied few, if any, of the nonexclusive factors the trial court considers in determining the reliability of an outcry.

A trial court's decision to admit evidence will not be disturbed on appeal absent a clear abuse of discretion.[1] A trial court has only abused its discretion if its decision falls outside the zone of reasonable disagreement.[2] Article 38.072 of the code of criminal procedure provides a mechanism that requires the trial court to determine on a case-by-case basis if outcry testimony reaches the level of reliability required to be admissible as an exception to the hearsay rule.[3]

> Indicia of reliability that the trial court may consider [under article 38.072] include (1) whether the child victim testifies at trial and admits making the out-of-court statement, (2) whether the child understands the need to tell the truth and has the ability to observe, recollect, and narrate, (3) whether other evidence corroborates the statement, (4) whether the child made the statement spontaneously in his own terminology or whether evidence exists of prior prompting or manipulation by adults, (5) whether the child's statement is clear and unambiguous and rises to the needed level of certainty, (6) whether the statement is consistent with other evidence, (7) whether the statement describes an event that a child of the victim's age could not be expected to fabricate, (8) whether the child behaves abnormally after the contact, (9) whether the child has a

---

[1]*Garcia v. State*, 792 S.W.2d 88, 92 (Tex. Crim. App. 1990).

[2]*Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh'g).

[3]Tex. Code Crim. Proc. Ann. art. 38.072 (West Supp. 2014); *Norris v. State*, 788 S.W.2d 65, 71 (Tex. App.—Dallas 1990, pet. ref'd).

motive to fabricate the statement, (10) whether the child expects punishment because of reporting the conduct, and (11) whether the accused had the opportunity to commit the offense.[4]

Appellant argues that the outcry lacks reliability specifically because of T.P.'s drug use and generally because it was short, undetailed, and uncorroborated. Appellant is correct that the statement was very short. But it was also very clear, specific, and unequivocal—Jane Doe A told T.P. that Appellant had both touched and penetrated her genitals with his fingers. We cannot say that the trial court abused its discretion in allowing T.P. to testify.

But even if we were to conclude that the trial court abused its discretion in admitting the testimony, such error would not rise to the level of constitutional error.[5] Rather, it would be evaluated under rule of appellate procedure 44.2(b),[6] and reversal would be required only if the error affected Appellant's substantial rights.[7] In examining the record, we note that Jane Doe A testified at trial, and her testimony both corroborated T.P.'s testimony regarding the outcry and provided greater detail. Even if we had held that the trial court abused its

---

[4] *Norris*, 788 S.W.2d at 71; *see also Pair v. State*, Nos. 02-13-00406-CR, 02-13-00407-CR, 2014 WL 5878116, at *2 (Tex. App.—Fort Worth Nov. 13, 2014, pet. ref'd) (mem. op., not designated for publication).

[5] *See Patterson v. State*, Nos. 02-10-00350-CR, 02-10-00351-CR, 2012 WL 171115, at *7 (Tex. App.—Fort Worth Jan. 19, 2012, no pet.) (mem. op., not designated for publication).

[6] *See id.*

[7] *See id.*; *see also* Tex. R. App. P. 44.2(b).

discretion by admitting the outcry testimony, we would hold such error harmless. We overrule Appellant's first issue.

**Extradition Testimony**

In his second issue, Appellant argues that the trial court reversibly erred by admitting the State's evidence that he did not agree to extradition because the testimony violated his rights to due process and due course of law. At trial, Appellant objected only that the evidence was not relevant. Generally, error must be preserved at trial by a timely and specific objection, and any objection at trial that differs from the complaint on appeal preserves nothing for review.[8] Because Appellant's complaint on appeal does not comport with his trial objection, he has not preserved the issue for appellate review. We overrule Appellant's second issue.

**Extraneous Offense Evidence**

In his third issue, Appellant argues that evidence of his alleged extraneous sexual offenses against T.H. was inadequate to support a jury finding beyond a reasonable doubt that he committed the extraneous offenses. Although the general rule is that a person may not be convicted based on a claim of character

---

[8]*Sterling v. State*, 800 S.W.2d 513, 521 (Tex. Crim. App. 1990), *cert. denied*, 501 U.S. 1213 (1991); *see also Judd v. State*, 923 S.W.2d 135, 138 (Tex. App.—Fort Worth 1996, pet. ref'd).

conformity,[9] the legislature has changed the rules when there is an allegation of a sexual offense against a child. Article 38.37 allows the admission of,

> [n]otwithstanding Rules 404 and 405, Texas Rules of Evidence, and subject to Section 2-a, evidence that the defendant has committed a separate offense described by Subsection (a)(1) or (2)[, such as the sexual abuse testified to by T.H.] . . . in the trial of an alleged offense described by Subsection (a)(1) or (2) for any bearing the evidence has on relevant matters, including the character of the defendant and acts performed in conformity with the character of the defendant.[10]

Section 2-a of the statute requires that before any trial court admits the evidence of an extraneous offense, the trial court must "determine that the evidence likely to be admitted at trial will be adequate to support a finding by the jury that the defendant committed the separate offense beyond a reasonable doubt."[11] The law is well-established that the "testimony of a child victim alone is sufficient to support a conviction for aggravated sexual assault of a child."[12]

At the article 38.37 hearing, T.H. testified that in 2005, when she was seven years old, her father traded her to Appellant in exchange for drugs on more than one occasion. She stated that her father would take her to Appellant's house,

---

[9]Tex. R. Evid. 404(b); *Alba v. State*, 905 S.W.2d 581, 585 (Tex. Crim. App. 1995), *cert. denied*, 516 U.S. 1077 (1996).

[10]Tex. Code Crim. Proc. Ann. art. 38.37, § 2(b) (West Supp. 2014).

[11]*Id.* § 2-a.

[12]*IslasMartinez v. State*, 452 S.W.3d 874, 880 (Tex. App.—Dallas 2014, pet. ref'd).

8

that she sometimes spent the night there, that she had been alone with Appellant in his bedroom, and that he touched her vaginal area, penetrated her vaginally, and forced her to touch his genitals. Even though she could not identify Appellant's house with certainty from a photograph, T.H. also testified that she knew Jane Doe A and that she had seen Jane Doe A at Appellant's house. Thus, T.H. testified to all the elements of the extraneous offenses of aggravated sexual assault of a child and indecency with a child by contact. We therefore hold that the trial court did not abuse its discretion by deciding that the evidence was adequate to support a jury finding that beyond a reasonable doubt, Appellant had committed those offenses against T.H.[13] We overrule Appellant's third issue.

In his fourth issue, Appellant argues that the trial court abused its discretion by admitting evidence of the extraneous offenses described by T.H. because the probative value of that evidence was substantially outweighed by the danger of unfair prejudice under rule 403 of the Texas Rules of Evidence.[14] A trial court's rule 403 decision to admit extraneous offense evidence is reviewed for an abuse of discretion.[15] A reviewing court will "reverse the trial court's judgment [based on the

---

[13]*See* Tex. Code Crim. Proc. Ann. art. 38.37, § 2-a; *Boydston v. State*, No. 10-14-00310-CR, 2015 WL 4710260, at *2 (Tex. App.—Waco Aug. 6, 2015, no pet. h.) (mem. op.; not designated for publication).

[14]Tex. R. Evid. 403.

[15]*Moses v. State*, 105 S.W.3d 622, 627 (Tex. Crim. App. 2003); *Freeman v. State*, 230 S.W.3d 392, 404–05 (Tex. App.—Eastland 2007, pet. ref'd).

9

trial court's rule 403 analysis] rarely . . . because the trial court is in a superior position to gauge the impact of the relevant evidence."[16]

When extraneous offense evidence is offered, the trial court must conduct a rule 403 analysis that includes the following nonexclusive factors:  (1) the probative value of the evidence, (2) the potential to impress the jury in some irrational, yet indelible, way, (3) the time needed to develop the evidence, and (4) the proponent's need for the evidence.[17]  The State argues that T.H.'s testimony was critical to support the testimony of Jane Does A, B, C, and E because of the lack of corroboration and that Appellant's case depended on challenging their credibility.  The State directs us to *Thompson v. State*,[18] an unpublished opinion from our sister court in Corpus Christi in which the court recognized that, in a child sexual abuse case, the proponent's need for the extraneous offense evidence to combat the defendant's challenge to the complainant's credibility is considered in determining admissibility.[19]  This

---

[16]*Freeman*, 230 S.W.3d at 404–05 (citation and internal quotation marks omitted).

[17]*Prible v. State*, 175 S.W.3d 724, 733 (Tex. Crim. App.), *cert. denied*, 546 U.S. 962 (2005).

[18]No. 13-13-00558-CR, 2014 WL 4049892 (Tex. App.—Corpus Christi Aug. 14, 2014, no pet.) (mem. op., not designated for publication).

[19]*Id.* at *6.

language echoes the *Montgomery* test for admissibility of extraneous acts of misconduct offered in the guilt phase of a trial.[20]

Reviewing the record in its entirety, we note the care with which the trial court considered its evidentiary rulings throughout the entire trial. The testimony of Jane Does A, B, C, and E, as well as the outcry testimony, showed the combination of drug activity and Appellant's abuse of the children in his home. The State's theory of the case was that Appellant supplied drugs to the complainants' parents to gain access to the complainants. Appellant left Texas soon after the complainants made outcries. He was not extradited until several years had passed. Thus, several years also passed between the events and the witnesses' testimony about those events. The complainants were testifying to memories from childhood. At least one other witness was testifying about events that occurred during a period of drug abuse. The defense, naturally, attacked the witnesses' credibility and ability to recollect. T.H.'s testimony, although wobbly in areas, corroborated the circumstances, location, and actions of Appellant that the other witnesses testified to. Her testimony was probative but did not have the potential to impress the jury in some irrational, yet indelible, way. We hold that

---

[20] *See* 810 S.W.2d at 390 ("[H]ow great is the proponent's 'need' for the extraneous transaction? This . . . inquiry breaks down into three subparts: Does the proponent have other available evidence to establish the fact of consequence that the extraneous misconduct is relevant to show? If so, how strong is that other evidence? And is the fact of consequence related to an issue that is in dispute?").

the conscientious visiting trial judge did not abuse his discretion by admitting T.H.'s testimony under the law as it now stands. We overrule Appellant's fourth issue.

**Conclusion**

Having overruled Appellant's four issues on appeal, we affirm the trial court's judgments.

/s/ Lee Ann Dauphinot
LEE ANN DAUPHINOT
JUSTICE

PANEL:  DAUPHINOT, GARDNER, and WALKER, JJ.

PUBLISH

DELIVERED:  September 24, 2015