

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

**NOS. WR-85,344-01 & -02 & -03 & -04**

## EX PARTE PABLO GONZALES, JR. , Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
### CAUSE NOS. 08792-A & 08793-A & 08794-A & 08796-A
### IN THE 90TH DISTRICT COURT FROM YOUNG COUNTY

*Per curiam.* **ALCALA, J., filed a concurring opinion.**

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of three counts of indecency with a child and one count of aggravated sexual assault of a child and sentenced to twenty years' imprisonment in each of the indecency cases, and life imprisonment in the sexual assault case. The Second Court of Appeals affirmed his convictions. *Gonzales v. State*, 477 S.W.3d 475 (Tex. App.—Fort Worth 2015).

Applicant contends, among other things, that his trial counsel rendered ineffective assistance

because counsel: (1) failed to introduce a report in which two of the victims failed to report that Applicant had penetrated their sexual organs, but testified as to such at trial; (2) failed to make a *Batson* objection to the exclusion of Hispanic jurors from the jury; and, (3) refused to allow Applicant to testify on his own behalf.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claim of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

These applications will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall

be forwarded to this Court within 120 days of the date of this order.  Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: October 5, 2016
Do not publish