

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

## NO. 02-18-00147-CR

ROBERT LEE ADAMS, JR.                                      APPELLANT

V.

THE STATE OF TEXAS                                              STATE

----------

### FROM THE 355TH DISTRICT COURT OF HOOD COUNTY
### TRIAL COURT NO. CR13412

----------

## MEMORANDUM OPINION[1]

----------

A jury convicted Appellant Robert Lee Adams, Jr., of continuous sexual abuse of two children, K.S. and J.B., and assessed his punishment at 99 years' confinement. The trial court sentenced him accordingly. Appellant did not file a Motion for New Trial.

---

[1]*See* Tex. R. App. P. 47.4.

Appellant brings a single issue on appeal, arguing that he was deprived of effective assistance of counsel as guaranteed by the Sixth Amendment to the United States Constitution by trial counsel's (1) failing to object to the prosecutor's improper argument in opening statement; (2) failing to challenge the constitutionality of Section 38.37 of the Texas Code of Criminal Procedure; (3) failing to object to the trial court's admission of extraneous offenses without completing the proper rule 403 balancing test; and (4) failing to object to the testimony of Beth Mohan "based on corpus delicti."  He also suggests the trial court reversibly erred in failing to conduct the rule 403 balancing test.  Appellant summarizes his argument by stating, "The evidence that was admitted because of the failure to object was prejudicial to [Appellant] and essentially put him on trial for offenses outside the purview of the case before the court."

Applying the appropriate standards of review to the record before us, we overrule Appellant's sole issue.

Brief Facts

Because Appellant does not challenge the sufficiency of the evidence to support his conviction, we shall not detail the instances of sexual abuse described in the record.  We shall address the facts as they relate to Appellant's complaints of ineffective assistance of counsel.

A nurse practitioner at the Cook Children's pediatric clinic in Granbury saw a 10-year-old female patient named K.S., who told her that her stepdad, Appellant, had molested her over a period of time.  The child described oral,

anal, and genital sexual abuse. Investigation revealed that Appellant had also been abusing K.S.'s young cousin J.B. Both K.S. and J.B. testified at trial. The jury also heard that Appellant had sexually abused three other children and that he was a registered sex offender because of a conviction in Colorado. This extraneous-offense evidence was admitted under Article 38.37 of the Texas Code of Criminal Procedure.

Ineffective Assistance of Counsel

To establish ineffective assistance of counsel, an appellant must show by a preponderance of the evidence that his counsel's representation was deficient and that the deficiency prejudiced the defense.[2] An ineffective-assistance claim must be "firmly founded in the record," and "the record must affirmatively demonstrate" the meritorious nature of the claim.[3] Direct appeal is usually an inadequate vehicle for raising an ineffective-assistance-of-counsel claim because the record is generally undeveloped.[4] In evaluating the effectiveness of counsel under the deficient-performance prong, we look to the totality of the representation and the particular circumstances of each case.[5] The issue is

---

[2] *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); *Nava v. State*, 415 S.W.3d 289, 307 (Tex. Crim. App. 2013); *Hernandez v. State*, 988 S.W.2d 770, 770 n.3 (Tex. Crim. App. 1999).

[3] *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).

[4] *Menefield v. State*, 363 S.W.3d 591, 592–93 (Tex. Crim. App. 2012); *Thompson*, 9 S.W.3d at 813–14.

[5] *Thompson*, 9 S.W.3d at 813.

whether counsel's assistance was reasonable under all the circumstances and prevailing professional norms at the time of the alleged error.[6]  Review of counsel's representation is highly deferential, and the reviewing court indulges a strong presumption that counsel's conduct was not deficient.[7]

It is not appropriate for an appellate court to simply infer ineffective assistance based upon unclear portions of the record or when counsel's reasons for failing to do something do not appear in the record.[8]  Trial counsel "should ordinarily be afforded an opportunity to explain her actions before being denounced as ineffective."[9]  If trial counsel is not given that opportunity, we should not conclude that counsel's performance was deficient unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it."[10]  As the Texas Court of Criminal Appeals has explained,

> A claimant must generally prove deficiency using affirmative evidence in the trial record sufficient to overcome the presumption that the challenged action was sound trial strategy.  However, "when no reasonable trial strategy could justify the trial counsel's conduct, counsel's performance falls below an objective standard of reasonableness as a matter of law, regardless of whether the record

---

[6]*See Strickland*, 466 U.S. at 688–89, 104 S. Ct. at 2065; *Nava*, 415 S.W.3d at 307.

[7]*Nava*, 415 S.W.3d at 307–08.

[8]*Menefield*, 363 S.W.3d at 593; *Mata v. State*, 226 S.W.3d 425, 432 (Tex. Crim. App. 2007).

[9]*Menefield*, 363 S.W.3d at 593.

[10]*Nava*, 415 S.W.3d at 308.

4

adequately reflect[s] the trial counsel's subjective reasons for act[ing] as [he] did."[11]

State's Opening Statement

Appellant argues trial counsel rendered ineffective assistance of counsel by failing to object to the State's Opening Statement informing the jury that

> [f]rom the doctor's office, [K.S.] was taken to the Children's Advocacy Center, where she was interviewed by a specially-trained forensic interviewer. You're not going to hear that interview today, because it is hearsay and inadmissible under the rules of evidence."

He argues that the argument did not fall within the permissible areas of jury argument as explained by the Texas Court of Criminal Appeals.[12] The argument was manifestly improper, he argues, because

> [t]he prosecutor was attempting to inform the jury that there was a paramount piece of evidence that she had seen and which helped in their investigation, but due to the rules of evidence, she could not introduce it at trial.

After a close examination of the entire record, we fail to see what "paramount piece of evidence" Appellant was talking about. It was not improper for the prosecutor to present a timeline of the investigation into the allegations against Appellant. It is hard to understand why the prosecutor informed the jury that the substance of the interview was hearsay. And, in an abundance of caution, we shall examine the statement as a suggestion that there was harmful

---

[11] *Ex parte Bryant*, 448 S.W.3d 29, 39–40 (Tex. Crim. App. 2014) (citations and internal quotation marks omitted).

[12] *Todd v. State*, 598 S.W.2d 286, 296–297 (Tex. Crim. App. [Panel Op.] 1980).

5

evidence the jury would not hear, as Appellant contends.  Appellant suggests the harm lies in the possibility that

> if the error would have been preserved, the State's argument would have been submitted as improper to the Court of Appeals.  The proper standard of review is whether, in light of the record as a whole, there is a reasonable possibility the argument complained of might have contributed to appellant's conviction or punishment.

The jury heard J.B. testify about the events forming the basis of the criminal allegations against Appellant.  They heard her testify about being taken to the Child Advocacy Center and about being interviewed there.  They heard the testimony of various other witnesses regarding the investigation of the offense and the surrounding circumstances.  They heard Appellant was a registered sex offender and that he had sexually abused other children.  Applying the appropriate standard of review, trial counsel's decision not to object to the complained-of State's opening statement was not unreasonable trial strategy.

Article 38.37 Code of Criminal Procedure

Appellant complains, in part, that trial counsel rendered ineffective assistance to him because he did not challenge the constitutionality of article 38.37.[13]  The complaint on appeal appears to be aimed at subsection 2(b) of 38.37.[14]  As our sister court in Houston explains,

> Code of Criminal Procedure article 38.37, section 1, applicable in cases in which the defendant is charged with continuous sexual

---

[13]Tex. Code Crim. Proc. Ann. art. 38.37 (West 2018).

[14]Tex. Code Crim. Proc. Ann. art. 38.37, § 2(b).

abuse of a child, provides that, notwithstanding Rule of Evidence 404, evidence that the defendant has committed other crimes, wrongs, or acts against the child who is the victim of the charged offense shall be admitted for its bearing on relevant matters including (1) the state of mind of the defendant and the child and (2) the previous and subsequent relationship between the defendant and the child. TEX. CODE CRIM. PROC. ANN. art. 38.37, § 1(b). In 2013, the Texas Legislature amended article 38.37 to add sections 2 and 2-a. Section 2 provides that in trials for certain sexual offenses, including continuous sexual abuse of a child:

> Notwithstanding Rules 404 and 405, Texas Rules of Evidence, and subject to Section 2-a, evidence that the defendant has committed a separate offense described by Subsection (a)(1) or (2) [including an offense of indecency with a child] may be admitted in the trial of an alleged offense described by Subsection (a)(1) or (2) [including a trial for continuous sexual abuse] for any bearing the evidence has on relevant matters, including the character of the defendant and acts performed in conformity with the character of the defendant.[15]

Section 2-a provides a procedural safeguard and requires:

> Before evidence described by Section 2 may be introduced, the trial judge must:

> > (1) determine that the evidence likely to be admitted at trial will be adequate to support a finding by the jury that the defendant committed the separate offense beyond a reasonable doubt; and

> > (2) conduct a hearing out of the presence of the jury for that purpose.

---

[15] *Caston v. State*, No. 01-16-00260-CR, 2017 WL 3298320, *5 (Tex. App.—Houston [1st Dist.] Aug. 3, 2017) (citing Code of Criminal Procedure art. 38.37, § 2(b); citing also *Belcher v. State*, 474 S.W.3d 840, 844 (Tex. App.—Tyler 2015, no pet.)). (noting that section 2(b) allows admission of evidence that defendant has committed certain sexual offenses against children who are not complainants of charged offense).

Outside the presence of the jury, the trial court held a pretrial hearing on the admissibility of extraneous-offense evidence the State intended to offer before the jury pursuant to article 38.37. The trial court made the appropriate determinations mandated by the statute. Appellant's trial counsel did not challenge the constitutionality of the statute, nor was he obligated to. As to the constitutionality of the statute, our sister court in Houston has explained,

> The Court of Criminal Appeals has not addressed the constitutionality of section 2(b). However, several of the intermediate courts of appeals, including this Court, have addressed constitutional challenges to this statute and have uniformly found that section 2(b) is constitutional. *See, e.g.*, *Buxton v. State*, No. 01-15-00857-CR, --- S.W.3d ----, ---- - ----, 2017 WL 2872490, at *14–17 (Tex. App.—Houston [1st Dist.] July 6, 2017, no pet. h.); *Bezerra v. State*, 485 S.W.3d 133, 139–40 (Tex. App.—Amarillo 2016, pet. ref'd); *Robisheaux v. State*, 483 S.W.3d 205, 213 (Tex. App.—Austin 2016, pet. ref'd); *Harris*, 475 S.W.3d at 403; *Belcher*, 474 S.W.3d at 847; *see also Baez v. State*, 486 S.W.3d 592, 599–600 (Tex. App.—San Antonio 2015, pet. ref'd) (holding that section 2(b) does not violate ex post facto provision of United States Constitution); *Alvarez v. State*, 491 S.W.3d 362, 367–70 (Tex. App.—Houston [1st Dist.] 2016, pet. ref'd) (holding that defendant failed to preserve due process challenge to section 2(b), but noting that all Texas cases "addressing the constitutionality of Article 38.37 have held that it is constitutional").[16]

Indeed, this court has specifically addressed and upheld the constitutionality of sections 1 and 2 of article 38.37.[17] Nothing in our research suggests a challenge to the constitutionality of this provision would be

---

[16]*Caston*, 2017 WL 3298320, at *6.

[17]*Gregg v. State*, No. 02-16-00117-CR, 2016 WL 7010931, at *5 (Tex. App.—Fort Worth Dec. 1, 2016, pet. ref'd) (mem. op., not designated for publication).

successful. Nor has Appellant explained to us why such a challenge would be successful. We find no requirement that counsel do a useless act to demonstrate his effectiveness.[18]

Rule 403 Balancing Test

On appeal, Appellant argues that trial counsel rendered ineffective assistance by failing to request a rule 403 balancing test regarding extraneous-offense evidence involving three other children, M.T., E.H., and C.E. He also argues that the trial court reversibly erred in failing to perform such a balancing test sua sponte.

Texas Rule of Evidence 403 provides:

The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, or needlessly presenting cumulative evidence.[19]

A trial court's rule 403 decision to admit extraneous-offense evidence is reviewed for an abuse of discretion.[20] A reviewing court will "reverse the trial court's judgment [based on the trial court's rule 403 analysis] rarely . . . because

---

[18] *See, e.g.*, *In re G.P.*, 503 S.W.3d 531, 535 (Tex. App.—Waco 2016, pet. denied); *Hernandez v. State*, 663 S.W.2d 5, 8 (Tex. App.—El Paso 1983, pet. dism'd) ("[I]t is a settled principle of law that one is not penalized for the failure to perform a useless act.").

[19] Tex. R. of Evid. 403.

[20] See *Patterson v. State*, Nos. 02-10-00350-CR, 02-10-00351-CR, 2012 WL 171115, at *7 (Tex. App.—Fort Worth Jan. 19, 2012, no pet.) (mem. op., not designated for publication).

9

the trial court is in a superior position to gauge the impact of the relevant evidence."[21]

When extraneous-offense evidence is offered, the trial court must conduct a rule 403 analysis that includes the following nonexclusive factors: (1) the probative value of the evidence; (2) the potential to impress the jury in some irrational, yet indelible, way; (3) the time needed to develop the evidence; and (4) the proponent's need for the evidence.[22] In *Thompson v. State*,[23] an unpublished opinion from our sister court in Corpus Christi, the court recognized that in a child sexual abuse case, the proponent's need for the extraneous-offense evidence to combat the defendant's challenge to the complainant's credibility is considered in determining admissibility.[24] As this court has noted, this language echoes the *Montgomery* test for admissibility of extraneous acts of misconduct offered in the guilt phase of a trial.[25]

---

[21]*See Thompson v. State*, No. 13-13-00558-CR, 2014 WL 4049892, at *4 (Tex. App.—Corpus Christi Aug. 14, 2014, pet. ref'd) (mem. op., not designated for publication).

[22]*See Gonzales v. State*, 477 S.W.3d 475, 481 (Tex. App.—Fort Worth 2015, pet. ref'd).

[23]*Thompson*, 2014 WL 4049892, at *6.

[24]*Id.*; *see also* Tex. R. Evid. 404(b); *Alba v. State*, 905 S.W.2d 581, 585 (Tex. Crim. App. 1995), *cert. denied*, 516 U.S. 1077 (1996).

[25]*Gonzales*, 477 S.W.3d at 481; *Montgomery v. State*, 810 S.W.2d 372, 389–90 (Tex. Crim. App. 1991) (op. on reh'g).

At trial, Appellant challenged the veracity of the complainants, the sufficiency of the evidence, and the quality of the investigation. The source of the evidence regarding Appellant's having committed extraneous offenses and of his status as a registered sex offender as a result of a Colorado conviction was Appellant's pretrial statement made during the investigation. Additionally, a certified copy of the Colorado judgment was admitted as State's Exhibit 3. Viewing the record in light of the *Montgomery*[26] standard, we cannot conclude the evidence would not have withstood a rule 403 inquiry. Appellant has not shown and, based on the record as a whole, this court cannot conclude, that trial counsel's decision not to make further objection under rule 403 was not a legitimate trial strategy or that his conduct that was "so outrageous that no competent attorney would have engaged in it."[27] Nor can we conclude that the trial court's not announcing a rule 403 balancing constituted reversible error, based on the record before us.

Corpus Delicti Rule

Appellant argues that trial counsel rendered ineffective assistance by failing to object under the corpus delicti rule to Beth Mohan's testimony that Appellant committed separate sexual-abuse offenses against C.E., a child not

---

[26] *Montgomery*, 810 S.W.2d at 389–90.

[27] *Nava*, 415 S.W.3d at 308.

11

named in the indictment. Ms. Mohan testified that in 2005, Appellant confessed to abusing C.E.

The jury heard this testimony, as well as evidence that Appellant later abused four more children: E.H., M.T., K.S., and J.B.

The Texas Court of Criminal Appeals has explained,

> The corpus delicti rule is one of evidentiary sufficiency affecting cases in which there is an extrajudicial confession. The rule states that, "[w]hen the burden of proof is 'beyond a reasonable doubt,' a defendant's extrajudicial confession does not constitute legally sufficient evidence of guilt absent independent evidence of the corpus delicti." To satisfy the corpus delicti rule, there must be "evidence independent of a defendant's extrajudicial confession show[ing] that the 'essential nature' of the charged crime was committed by someone."
>
> The purpose of this judicially fashioned rule is to ensure "that a person would not be convicted based solely on his own false confession to a crime that never occurred." [28]

Appellant does not explain how the corpus delicti rule applies to the circumstances of this case, and we fail to see how it applies. Appellant was not convicted based on his judicial confession to a crime that never occurred. Nor does Appellant contend that the sexual abuse allegations charged in the indictment in the instant case were the subject of a false judicial confession by him.

To establish ineffective assistance of counsel, an appellant must show by a preponderance of the evidence that his counsel's representation was deficient

---

[28] *Miller v. State*, 457 S.W.3d 919, 924 (Tex. Crim. App. 2015) (citations omitted).

12

and that the deficiency prejudiced the defense.[29]   An ineffective-assistance-of-counsel claim must be "firmly founded in the record," and "the record must affirmatively demonstrate" the meritorious nature of the claim.[30]   Direct appeal is usually an inadequate vehicle for raising an ineffective-assistance-of-counsel claim because the record is generally undeveloped.[31]   In evaluating the effectiveness of counsel under the deficient-performance prong, we look to the totality of the representation and the particular circumstances of each case.[32] The issue is whether counsel's assistance was reasonable under all the circumstances and prevailing professional norms at the time of the alleged error.[33]   Review of counsel's representation is highly deferential, and the reviewing court indulges a strong presumption that counsel's conduct was not deficient.[34]

It is not appropriate for an appellate court to simply infer ineffective assistance based upon unclear portions of the record or when counsel's reasons

---

[29]*Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064; *Coffman v. State*, 465 S.W.3d 797, 800 (Tex. App.—Fort Worth 2015, no pet.); *Nava*, 415 S.W.3d at 307; *Hernandez*, 988 S.W.2d at 770 n.3.

[30]*Thompson*, 9 S.W.3d at 813.

[31]*Menefield*, 363 S.W.3d at 592–93; *Thompson*, 9 S.W.3d at 813–14.

[32]*Thompson*, 9 S.W.3d at 813.

[33]*Strickland*, 466 U.S. at 688–89, 104 S. Ct. at 2065; *Nava*, 415 S.W.3d at 307.

[34]*Nava*, 415 S.W.3d at 307–08.

for failing to do something do not appear in the record.[35] Trial counsel "should ordinarily be afforded an opportunity to explain her actions before being denounced as ineffective."[36] If trial counsel is not given that opportunity, we should not conclude that counsel's performance was deficient unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it."[37] As the Texas Court of Criminal Appeals has explained,

> A claimant must generally prove deficiency using affirmative evidence in the trial record sufficient to overcome the presumption that the challenged action was sound trial strategy. However, when no reasonable trial strategy could justify the trial counsel's conduct, counsel's performance falls below an objective standard of reasonableness as a matter of law, regardless of whether the record adequately reflects the trial counsel's subjective reasons for acting as he did.[38]

Applying the appropriate standard of review, we hold trial counsel's performance does not constitute a denial of effective assistance. We overrule Appellant's complaints on appeal and affirm the trial court's judgment.


/s/ Lee Ann Dauphinot
LEE ANN DAUPHINOT
JUSTICE

---

[35] *Menefield*, 363 S.W.3d at 593*; Mata*, 226 S.W.3d at 432.

[36] *Menefield*, 363 S.W.3d at 593.

[37] *Nava*, 415 S.W.3d at 308.

[38] *Coffman*, 465 S.W.3d at 800–801 (citing *Ex parte Bryant*, 448 S.W.3d at 39–40 (citations and internal quotation marks omitted)).

14

PANEL:  MEIER and PITTMAN, JJ.; and LEE ANN DAUPHINOT (Senior Justice, Retired, Sitting by Assignment).

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  July 26, 2018