

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-19-00174-CR

———————————————

FREDDIE D. GARRETT, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 297th District Court
Tarrant County, Texas
Trial Court No. 1530013D

---

Before Gabriel, Birdwell, and Bassel, JJ.
Memorandum Opinion by Justice Gabriel

## MEMORANDUM OPINION

In two related points complaining of the State's authentication of an exhibit, Appellant Freddie D. Garrett appeals his conviction for possession of methamphetamine. *See* Tex. Health & Safety Code Ann. §§ 481.102, .115(b). Because the trial court did not reversibly err by admitting the exhibit and the evidence is sufficient to support his conviction, we overrule his points and affirm the trial court's judgment.

## I. BACKGROUND

In the early morning hours of January 28, 2018, Fort Worth police were investigating a reported kidnapping when they detained Garrett in the parking lot of the Union Gospel Mission. Garrett consented to a search of his person, during which Officer Z. Farah found a clear, knotted plastic bag containing a white substance. Officer Farah's partner, Officer Samantha Bennett, testified at trial that she was standing "right next to" Officer Farah and watched him remove the clear plastic baggie from Garrett's shorts pocket. Officer Bennett recalled that Officer Farah handed her the baggie and that she held it in her closed fist until Officer Mark Stokes, one of the two leading officers on scene, approached them. At that time, she gave the baggie to Officer Stokes. Neither Officer Farah nor Officer Bennett placed any identifying marks on the baggie, but Officer Stokes testified to his practice of receiving evidence such as the baggie; placing it in a second, department-issued plastic baggie; and placing both baggies in a larger yellow envelope, on which he wrote the

2

investigation number, the property-room-tag number, the time he entered the evidence into the property room, and his signature. A photograph of a yellow envelope with Officer Stokes's signature and a description of the contained items as "Whi Crystal like substance[,] green leafy substance" was admitted into evidence. The white substance in the baggie was later tested and identified as 1.884 grams of methamphetamine. A photograph of the baggie containing methamphetamine was admitted at trial as State's Exhibit 10.

The jury found Garrett guilty of possession of more than a gram of methamphetamine and assessed a seven-year sentence. The trial court entered judgment accordingly and this appeal followed.

## II. DISCUSSION

Garrett brings two points on appeal, both related to the admission of State's Exhibit 10. In his first point, he argues that the trial court erred by admitting the exhibit over his objection because it "was not sufficiently authenticated due to a failure of the State to show the beginning of the chain of custody." In his second point, he argues that the evidence was insufficient to support the conviction because Exhibit 10 was not sufficiently authenticated. We disagree with Garrett on both points.

### A. ADMISSION OF STATE'S EXHIBIT 10

We review the trial court's admission of evidence for an abuse of discretion. *Gonzales v. State*, 477 S.W.3d 475, 479 (Tex. App.—Fort Worth 2015, pet. ref'd). We

3

will not disturb the trial court's ruling as long as it is within the zone of reasonable disagreement. *Id.*

Garrett argues that the photo of the baggie of methamphetamine was not properly authenticated because the officer who seized the evidence—Officer Farah—did not testify and no officer directly marked the baggie with initials or a signature. In support of Garrett's argument, he recites precedent holding that the chain of custody is conclusively proven if the seizing officer testifies that he seized the evidence and placed his personal mark on the evidence. *See Lagrone v. State*, 942 S.W.2d 602, 617 (Tex. Crim. App. 1997); *Garcia v. State*, 537 S.W.2d 930, 934 (Tex. Crim. App. 1976); *Elliott v. State*, 450 S.W.2d 863, 864 (Tex. Crim. App. 1970). But this is not the only way to establish the chain of custody and authenticate evidence seized from a defendant.

Evidence is properly authenticated by establishing that the matter in question is what its proponent claims. Tex. R. Evid. 901(a). Evidence seized by the police is most often authenticated by showing its chain of custody. *See, e.g.*, *Lagrone*, 942 S.W.2d at 617. Proof validating the beginning and the end of the chain of custody supports the admission of evidence, barring any evidence of tampering or alteration. *Druery v. State*, 225 S.W.3d 491, 503 (Tex. Crim. App. 2007). Any problems in the chain of custody affect the evidence's weight to be assigned by the factfinder, not its admissibility. *Id.* at 503–04.

4

In this case, Officer Bennett testified that she saw Officer Farah pull the baggie of methamphetamine from Garrett's pocket, that Officer Farah handed the baggie to her, that she held it in a "closed fist," and that she gave the baggie to Officer Stokes. Officer Stokes testified to his practice of placing evidence like the baggie of methamphetamine into a second bag to prevent contamination; placing both inside a yellow envelope marked with the investigation number, the property-room-tag number, the date and time, and his signature; and checking it into the property room. A photo of a yellow envelope with an investigation number, property-room-tag number, and date and time corresponding to Garrett's case, bearing Officer Stokes's signature, and containing a small baggie of methamphetamine was admitted into evidence. Contrary to Garrett's argument, this evidence is sufficient to establish the beginning of the chain of custody. *Cf. id.* (overruling argument that chain of custody was not established because investigator did not personally seize the evidence).

The trial court therefore did not abuse its discretion by admitting State's Exhibit 10, and we overrule Garrett's first point.

### B. SUFFICIENCY OF THE EVIDENCE

In his second point, Garrett argues that the evidence is insufficient to support his conviction because State's Exhibit 10 was improperly admitted. Garrett's argument fails because even if we agreed that State's Exhibit 10 was improperly admitted—which we do not—we still consider improperly admitted evidence in

5

conducting a sufficiency review. *Jenkins v. State*, 493 S.W.3d 583, 599 (Tex. Crim. App. 2016).

Viewing all of the evidence in the light most favorable to the verdict, we hold that it is sufficient—any rational factfinder could have found the crime's essential elements beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Queeman v. State*, 520 S.W.3d 616, 622 (Tex. Crim. App. 2017). The evidence established that the baggie of methamphetamine was discovered in Garrett's pocket, which is sufficient to establish that he knowingly exercised actual care, control, and management over the contraband. *See Toumey v. State*, No. 01-16-00144-CR, 2017 WL 631841, at *4 (Tex. App.—Houston [1st Dist.] Feb. 16, 2017, pet. ref'd) (mem. op., not designated for publication) (upholding conviction for possession of methamphetamine found in defendant's pocket). We therefore overrule Garrett's second point.

## III. CONCLUSION

Having overruled both of Garrett's points, we affirm the trial court's judgment.

/s/ Lee Gabriel

Lee Gabriel
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: October 15, 2020

6