

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-21-00128-CR
No. 02-21-00129-CR

———————————————

JOSE ARRIAZA, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 16th District Court
Denton County, Texas
Trial Court Nos. F-2006-1489-A, F-2006-1490-A

Before Bassel, Womack, and Wallach, JJ.
Memorandum Opinion by Justice Wallach

# MEMORANDUM OPINION

Appellant Jose Arriaza was convicted by a jury of aggravated sexual assault of a child and indecency with a child, committed against victims J.C. and J.B. *See* Tex. Penal Code Ann. §§ 21.11(a)(1), 22.021(a)(1)(A)(i), 22.021(a)(1)(A)(iii). Arriaza received two sentences of twenty years and two sentences of forty-five years, all of which were ordered to be served consecutively to each other.

In two points of error, Arriaza complains that the evidence was both factually and legally insufficient to sustain his convictions. We overrule both points of error and affirm the trial court's judgments.

## I. Background

J.C. was twenty-seven at the time of trial. About eighteen years before that she lived in Carrollton. Arriaza is J.C.'s cousin on her mother's side. She first met Arriaza when she was seven or eight years old, and he was living with her aunt. The first time Arriaza assaulted J.C., he touched her breast during a game of hide-and-go-seek at her aunt's house. She was too scared to tell anyone and did not want to visit her aunt's home in the future.

Eventually, Arriaza came to live in her house with her mother, stepdad, sisters, and brother. It was in her home that, one night, J.C. woke up to find Arriaza on top of her. He pulled down J.C.'s pants and put his penis into her vagina. J.C. was in shock, to the extent that she was unable to scream out. She testified that this happened two or three times.

2

On another occasion, Arriaza pulled her into her brother's room, told the brother to leave, and then touched and squeezed J.C.'s breasts under her clothes. He also grabbed her face and kissed her.

One instance was witnessed by J.C.'s brother. He was looking for Arriaza and his sister and walked into his room. He opened the door and saw his sister on the bed with her pants all the way down, and Arriaza was next to her wearing a condom. J.C.'s brother attempted to defend her, and even wanted to hit Arriaza, but Arriaza threatened him with a handgun.

J.B. is J.C.'s sister. When J.B. was five, Arriaza came to live at her home in Carrollton. She testified that Arriaza would come into her bedroom at night and "either choose between me and my sister who he would pick that night." Arriaza would regularly take J.B. from their room, carry her into her brother's room, and put her on the floor. He would then pull down her shorts, begin by touching her with his fingers, and then put his penis on top of her vagina. Arriaza would also digitally penetrate J.B. In another occurrence, despite J.B. trying to fight him off, Arriaza forced his way through her bedroom door, pulled her pants down, masturbated, and ejaculated on her vagina. In addition, Arriaza regularly molested J.B. by touching her.

Arriaza testified. He is from El Salvador. Arriaza said that, though he was in the United States briefly, he returned to El Salvador in 2003 and remained there until 2019. He also denied sexually abusing J.C. and J.B. at any time while he was in the country.

## II. Factual Sufficiency

In his first point of error, Arriaza complains that the evidence was factually insufficient to sustain his conviction and sentence. However, the court of criminal appeals has held that there is no meaningful distinction between the legal sufficiency standard and the factual sufficiency standard. *Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010) (overruling *Clewis v. State*, 922 S.W.2d 126, 131–32 (Tex. Crim. App. 1996)). We therefore overrule Arriaza's first point of error and will only consider his legal sufficiency claim.

## III. Legal Sufficiency

Arriaza's second point of error attacks the legal sufficiency of the evidence. In our evidentiary-sufficiency review, we view all the evidence in the light most favorable to the verdict to determine whether any rational factfinder could have found the crime's essential elements beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Queeman v. State*, 520 S.W.3d 616, 622 (Tex. Crim. App. 2017).

This standard gives full play to the factfinder's responsibility to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Queeman*, 520 S.W.3d at 622.

The factfinder alone judges the evidence's weight and credibility. *See* Tex. Code Crim. Proc. Ann. art. 38.04; *Queeman*, 520 S.W.3d at 622. We may not re-evaluate the

evidence's weight and credibility and substitute our judgment for the factfinder's. *Queeman*, 520 S.W.3d at 622. Instead, we determine whether the necessary inferences are reasonable based on the evidence's cumulative force when viewed in the light most favorable to the verdict. *Murray v. State*, 457 S.W.3d 446, 448 (Tex. Crim. App. 2015). We must presume that the factfinder resolved any conflicting inferences in favor of the verdict, and we must defer to that resolution. *Id.* at 448–49.

Arriaza complains that his own testimony contradicted that of the victims and that others in the house could not say definitively that Arriaza lived in the home when the assaults occurred. Here, the victims testified to several acts of sexual abuse that took place. The testimony of a child victim alone is sufficient to support a conviction for aggravated sexual assault. *Gonzales v. State*, 477 S.W.3d 475, 480 (Tex. App.—Fort Worth 2015, pet. ref'd). In addition, J.C.'s brother—who was an eyewitness to the aftermath of at least one of the assaults—corroborated J.C.'s testimony.

As for Arriaza's claim that he was in El Salvador when these assaults occurred, it is always the jury's prerogative to disbelieve any defendant's testimony. *See Taylor v. State*, 774 S.W.2d 31, 33 (Tex. App.—Houston [14th Dist.] 1989, pet. ref'd); *see also Murray*, 457 S.W.3d at 448–49. Accordingly, in our sufficiency review, any inconsistencies in the testimony should be resolved in favor of the jury's verdict. *Johnson v. State*, 815 S.W.2d 707, 712 (Tex. Crim. App. 1991).

In addition, Arriaza argues that none of the State's witnesses could "accurately testify" when and for how long he lived with the victims, thus the evidence fails to

5

show that the offenses took place "on or about September 2003" as alleged.[1] However, unless the date is a material element of the offense, it is not necessary for an indictment to specify the precise date on which the charged offense occurred. *See Garcia v. State*, 981 S.W.2d 683, 685–86 (Tex. Crim. App. 1998). And with regard to young children, the court of criminal appeals has "cautioned that courts cannot impose unrealistic expectations regarding poof of when an offense actually occurred: '[I]t is not often that a child knows, even within a few days, the date that she was sexually assaulted.'" *Dixon v. State*, 201 S.W.3d 731, 736 (Tex. Crim. App. 2006) (quoting *Sledge v. State*, 953 S.W.2d 253, 256 n.8 (Tex. Crim. App. 1997)).

In any event, the victims' testimony demonstrates that at least some of the sexual abuse committed by Arriaza occurred in 2003. The prosecutor asked J.C. to recount what happened "around the time period of roughly 2003." J.C. then described how Arriaza assaulted her at her aunt's house. She also said that the sexual assaults occurred when she was around eight—which would have been approximately from 2002 to early 2003. As for J.B., she testified that she was five years old in August and September of 2003 and that Arriaza's abuse of her took place when she was five or six. We therefore hold that a rational trier of fact could have found that Arriaza sexually abused both victims on or about the dates alleged in the indictments.

---

[1]Actually, the offenses against J.C. were alleged to have been committed on or about August 15, 2003. The offenses against J.B. were alleged to have been committed on or about September 1, 2003 (indecency) and August 15, 2003 (aggravated sexual assault).

6

## IV.  Conclusion

Having overruled Arriaza's two points of error, we affirm the trial court's judgments.

/s/ Mike Wallach
Mike Wallach
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  April 6, 2023

7